## PEOPLE *v.* PERRY.

1. RAPE—STATUTORY RAPE—WHERE FEMALE UNDER AGE OFFENSE IS COMPLETE WHETHER WITH OR WITHOUT FORCE.

   In a prosecution for statutory rape where the female is under the age of consent, the crime is complete under the statute whether the intercourse is had with force or by consent.[1]

---

[1]Rape, 33 Cyc. p. 1424.
    232—Mich.—28.

2. SAME—UNDER STATUTE ONLY ONE OFFENSE COMMITTED WHETHER
   WITH FORCE OR WITHOUT WHERE FEMALE UNDER AGE.

   Under the statute (3 Comp. Laws 1915, § 15211) con-
   solidating the two so-called forms or methods of commit-
   ting rape (common-law and statutory) into one paragraph
   as offenses of the same kind and magnitude, whichever
   way committed, they are not distinct offenses, but both
   are rape in principle under the common law.[2]

3. INDICTMENT AND INFORMATION—AMENDMENT—STATUTORY RAPE.
   An information charging rape with force and arms upon
   a female under the age of 16 years was not duplicative
   as to the offense charged, and therefore amending it by
   striking out the allegation of force and arms did not
   change the issue, but only narrowed the proofs of the
   prosecution to intercourse and nonage.[3]

4. EVIDENCE—JUDICIAL NOTICE MAY BE TAKEN OF POLITICAL BOUND-
   ARIES.

   Courts may take judicial notice of political boundaries,
   such as counties, cities, and townships.[4]

5. INDICTMENT AND INFORMATION — VENUE—MOTION TO QUASH —
   CRIMINAL LAW.

   A motion to quash an information charging rape, on the
   ground that there was no evidence of venue, was properly
   denied where there was undisputed evidence from which
   inferences might be drawn, which, together with facts
   of which the court could take judicial notice, was sufficient
   to establish that the offense was committed in the county
   charged, although the prosecutrix testified that she did
   not know whether the spot where the offense was com-
   mitted was in said county.[5]

Error to Otsego; Smith (Guy E.), J. Submitted
June 12, 1925. (Docket No. 93.) Decided October
1, 1925.

Elmer Perry was convicted of statutory rape, and
sentenced to imprisonment for not less than 5 nor
more than 10 years in the State prison at Jackson.
Affirmed.

---

[2]Rape, 33 Cyc. p. 1424; [3]Indictments and Informations, 31 C.
J. § 325; [4]Evidence, 23 C. J. §§ 1867, 1868, 1869; [5]Indictments and
Informations, 31 C. J. § 379.

*Townsend & Bilitzke* and *Otto & Holland,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Elmer G. Smith,* Prosecuting Attorney, for the people.

STEERE, J.    Defendant was complained of, arrested, tried, convicted, and sentenced in the circuit court of Otsego county to State prison for not more than 10 nor less than 5 years for the crime of feloniously assaulting and carnally knowing one Gladys L. Allen, a female under the age of 16 years.    When brought before the committing magistrate he stood mute and offered no testimony upon the preliminary examination there had.    When arraigned in open court he also stood mute and on trial introduced no testimony except that of a physician as to the period of gestation.    The assignments of error most strenuously urged and argued are absence of evidence of date and venue before the committing magistrate, and amendment of the information after arraignment.

In the complaint and warrant under which he was arrested it is charged that he did,—

"On the 19th day of May, A. D. 1923, at the township of Livingston, and in the county aforesaid * * * with force and arms at the township aforesaid, in the county aforesaid, in and upon one Gladys L. Allen a female under the age of 16 years to wit of the age of 15 years, then and there being, violently and feloniously did make an assault, on her the said Gladys L. Allen, then and there by force and against her will feloniously did ravish and carnally know; contrary to the form of the statute," etc.

At the close of the examination before the magistrate defendant's counsel moved for his discharge on the ground that the complaint and warrant stated separate and distinct offenses under the statute requiring different proof in order to convict, and that neither offense had been properly proven.

The information on which he was arraigned in the circuit court charged him substantially in the language found in the complaint and warrant.	Upon his arraignment he stood mute and a plea of not guilty was entered by order of the court, whereupon his counsel moved that the information be quashed and he discharged on the same ground as urged before the committing magistrate, arguing that while the latter had certified in his return it was made to appear to him that the crime was committed as charged, the testimony taken on preliminary examination and returned by the magistrate was devoid of evidence of the venue as stated in the complaint, warrant and information, or that said Gladys Allen was under 16 years of age when the alleged offense was committed, and that the two offenses of statutory assault and common-law rape could not be combined in one information.	After some discussion the court suggested to the prosecuting attorney that the words "with force and arms against the will" and "ravish" be stricken out, to which the prosecutor did not object and the court so ordered. After a jury had been accepted and sworn and a witness called to testify, defendant's counsel moved that all testimony under the information be excluded for the reason that defendant had no preliminary examination upon the charge in the information as it then stood, and the testimony taken upon the preliminary examination furnished no ground for the magistrate holding him for trial.	Without further detail it can be said that defendant's counsel by abundant objections, motions and exceptions saved for review all questions of error urged here.

Our applicable statutory provision relating to the offense commonly spoken of as rape is as follows:

"SECTION 20.	If any person shall ravish and carnally know any female of the age of sixteen years, or more, by force and against her will, or shall unlawfully and carnally know and abuse any female

under the full age of 16 years, he shall be punished by imprisonment in the State prison for life, or for any such period as the court in its discretion shall direct, and such carnal knowledge shall be deemed complete upon proof of penetration only." 3 Comp. Laws 1915, § 15211.

It is urged for defendant that the two kinds of offense stated in the statute cannot be jointly charged in one count of the information. In support of this Tiffany's Criminal Law is cited, as giving separate blank forms for each, and the suggestion that "it is better to treat them as distinct offenses and draw the indictment accordingly," is quoted from McLean on Criminal Law. And the contention is made that after eliminating the language essential to a proper indictment for rape at common law, it was not only error to proceed with the trial without arraigning defendant under the amended information, but by so changing the wording "the prosecution amended its case out of court," because it was not shown on the examination that the prosecutrix was under 16 years of age at the date of the alleged intercourse.

Our statute has consolidated the two so-called forms, or methods, of committing rape into one paragraph, as an offense of the same kind and magnitude whichever way committed, punishable by imprisonment for life or such period as the court in its discretion may determine. They are not distinct offenses. Although that exact word does not appear in the statute, both are rape in principle under the common law.

"The word 'rape' has no technical value which renders its use in such case imperatively necessary, and if words be employed which describe such offense, they will be taken according to their legal import. If they charge the crime in the language employed by the statute to define rape, they will be taken to charge the crime of rape; and if they charge an assault with intent to do the act denominated rape, the con-

struction will be the same." *People* v. *McDonald,* 9 Mich. 150.

Of a like statute in essentials it was said in *People* v. *Crosswell,* 13 Mich. 427 (87 Am. Dec. 774) :

"This statute does not change the nature of the offense as it stood at the common law, nor does it describe two distinct offenses, but the carnal knowledge of the female child under the age of ten years is held to be rape, on the ground that, from immaturity and want of understanding, the child must be deemed incapable of assenting, and the act presumed to be the result of force."

In the latter case the crime is complete under the statute whether the intercourse is had with force or by consent (*People* v. *Smith,* 122 Mich. 284). The information as filed was not duplicative as to the offense charged. The defendant was fully informed of the nature of the accusation against him and of the essential facts within the scope of the statute which the prosecution might introduce proof of to sustain it. Under that information the prosecution could successfully maintain the charge of rape by showing force or not according to the available proof. Striking out the allegations of force and non-consent did not change the issue but only narrowed the proofs of the prosecution to intercourse and nonage.

The case of *People* v. *Donovan,* 228 Mich. 151, cited by defendant, is not in point. The court there found that the information did not as filed charge the crime of rape at all, but only alleged "unlawful intercourse," omitted important elements of the crime sought to be proven and "charged no offense known to the law." For those reasons it was held that after trial had begun and the jury sworn the prosecution could not amend an information which charged no offense known to the law to one charging rape and, without even calling upon the defendant to plead, proceed with the trial to a legal conviction of a crime for which he

had been given no preliminary examination and never been arraigned. No such situation is shown in the instant case.

In a plain and impartial charge advising the jury of the safeguards the law throws around the accused and issues of fact for them to decide the trial court concisely pointed out the facts for their determination were whether defendant had sexual intercourse with Gladys Allen as alleged within the limits of Otsego county, and was she then under the age of 16 years. There was abundant proof upon those propositions to carry the case to the jury and to support their verdict.

Defendant Perry and Gladys Allen both resided at the time of the alleged offense in the village of Gaylord which is located centrally in and the county seat of Otsego county. She was living at home with her parents and attending school, being then in the tenth grade. She was born in Otsego county on May 27, 1907. The record shows that the complaint was made on information and belief by the girl's father and that she was also examined on oath before the warrant issued. Such examination is not required to be reduced to writing and the warrant is only required to recite the substance of the accusation.

The return of the committing magistrate shows that when brought before him on return of the warrant defendant "stood mute" when the charge contained in the complaint and warrant was read to him and thereafter an examination was held in the presence of the accused who was represented by counsel, but offered no testimony. Three witnesses were sworn by the prosecution: the girl, Gladys Allen, and her parents. Her father and mother had no personal knowledge of the circumstances of the alleged offense and in substance briefly testified to their daughter's age, that in May, 1923, she lived at home with them,

was attending school, etc. Gladys testified that defendant met her near the depot in Gaylord on an evening between the middle and last of May, 1923, about 9 o'clock on Saturday night as she thought, when she was on her way home and he asked her to take a ride with him in his automobile; that she at first declined but he "coaxed" her and she finally consented to go. He told her to go to the next crossing where he met her with his car. They rode a short distance west to a crossing, then turned north, and then went straight north into the country some distance. They talked about her school work and different things as they were going and after they had gone some distance he drove his car to the side of the road and stopped. He persuaded her to get into the back seat of the car with him, and then made improper proposals. On her refusal he overcame her resistance by force and had intercourse with her. As a result of that intercourse she became pregnant. On discovery of her condition she unsuccessfully appealed to him for help. This examination was not held until a short time after she had been confined. There were two Saturdays between the middle and last of May of that year, the 19th and 26th. While positive that the intercourse took place between the middle and last of May, to the best of her knowledge on one of those Saturdays, and that they went north from Gaylord that night, she failed to definitely testify as to date or place of the intercourse, her replies when further pressed for more definite answers being that she could not remember or did not know. The justice found and returned that an offense had been committed and it was made to appear to him there was probable cause to believe defendant guilty of the offense as charged in the complaint and warrant.

Defendant's counsel admit in their brief "that the

defendant had a preliminary examination upon the charge alleged in the amended information," but contend that "an examination upon a dual charge which does not inform him of what crime he is charged with does not give him the information the law requires." Not only does the information, following the complaint and warrant, clearly advise of the crime he was charged with, but he was further advised by the preliminary examination where both the questions of force and nonage were gone into by the prosecution in direct-examination of the girl and followed up by defendant's counsel in a rigid cross-examination.

It is also earnestly urged that defendant's motion to quash the information and discharge the accused should have been granted because no venue was proved on the examination and the magistrate had no jurisdiction to hold him for trial, as the girl testified in reply to the direct question that she did not know whether or not the spot where they stopped by the side of the road that night and the intercourse took place was in Otsego county.

The offense is charged in the complaint and warrant to have been committed in Livingston township, Otsego county. The jurisdiction of the justice was coextensive with the body of the county. The parties all resided at Gaylord, the centrally located county seat of Otsego county. Complaint was made before a justice of the peace at the county seat where the parties lived and from which they drove north out into the country that evening after dark, stopping by the roadside where the intercourse took place, and from there returned to Gaylord. Gladys testified that she knew Livingston township lay north of Gaylord but did not know what township was north of Livingston. She was familiar with the village and knew that after driving a short distance west defendant turned north while they were yet in the village and

"went straight north," how far she did not know. They left Gaylord about 9 o'clock in the evening. She did not know what time she got home but thought it was before midnight. Courts may take judicial notice of political boundaries, such as counties, cities and townships. The testimony shows that the parties went north from the village into the township of Livingston. The township of Corwin lies north and the township of Elmira west of Livingston. All three of those townships, each six miles square, lie within the boundaries of Otsego county. Under the conditions disclosed it would seem fairly inferable that defendant had in mind to drive out from the village far enough to find a secluded place to park his auto by the roadside, rather than to enjoy the scenery or take a sufficiently long drive through the country in the nighttime to get out of the county.

With the inferences which may be legitimately drawn from the undisputed facts as applied to the facts of which the court could take judicial notice we are unable to hold that the magistrate was without jurisdiction because of a total absence of evidence of venue.

After a careful examination of this entire record we conclude that the case was fairly tried and plainly submitted to the jury on its merits. We find no prejudicial error demanding reversal.

The judgment will stand affirmed.

McDonald, C. J., and Clark, Bird, Sharpe, Moore, Fellows, and Wiest, JJ., concurred.