STATE OF NORTH DAKOTA, Appellant, v. HARRY VOGT, Respondent.

(221 N. W. 887.)

Opinion filed November 10, 1928.

*George F. Shafer,* Attorney General, and *George I. Rodsater,* State's Attorney, for appellant.

*E. R. Sinkler* and *G. O. Brekke,* for respondent.

CHRISTIANSON, J. The defendant was convicted in the district court of Renville county of the crime of rape in the first degree. Thereafter he moved for a new trial on the grounds, among others, of (1) insuffi-

ciency of the evidence to justify the verdict and that the same is clearly contrary to the law and against the evidence and (2) prejudicial conduct of the state's attorney during the trial. The trial court ordered a new trial and the state has appealed.

We are wholly agreed that the order appealed from must be affirmed. In a memorandum opinion filed with the order granting a new trial, the trial court, after reviewing the evidence in the case, expressed the belief that the complaining witness had been impeached on material matters, and stated that he did "not see how any reasonable person taking into consideration her evidence and demeanor on the witness stand, would not have a reasonable doubt of the truthfulness of her statement and a reasonable doubt of defendant's guilt." In the concluding paragraph of the memorandum opinion the court said:

"I personally have very serious doubts of the defendant's guilt from the evidence in the case, and cannot see how any reasonable person who heard the evidence and was not influenced by prejudice and passion in rendering their verdict, and as I honestly believe that there is such a doubt of defendant's guilt that it would be a miscarriage of justice not to grant a new trial, it is therefore ordered that the verdict be vacated and set aside and a new trial granted."

The principles governing the determination of a motion for a new trial on the ground of insufficiency of the evidence were so fully considered and stated in State v. Weber, 49 N. D. 326, 191 N. W. 610, that we shall content ourselves by merely citing that decision. Under the rules there announced the decision of the trial court in this case must stand. An examination of the record discloses a situation where this court cannot say that the trial court was not fully justified in the views which he announced in the memorandum decision. Those views were based upon an observation of the witnesses who testified, whereas we are limited to the cold, lifeless paper record. We cannot presume that the trial court was wrong in the views which he announced or the conclusion which he reached. On the contrary the presumption is that his decision that the ends of justice require a new trial represents his candid, sober judgment on the merits of the case and that such decision is right. The appellant has the burden of showing by the record that the trial court had no reasonable basis for his decision. The record presented to us on this appeal falls far short of making such showing.

"The question whether or not a new trial ought to be granted was primarily a question for the trial court. The function of this court on this appeal is merely to review the ruling of the trial court on this motion, and this review is limited to a determination of the question of whether in denying a new trial the trial court abused its discretion, and thereby effected an injustice. The discretion vested in the trial court should always be exercised in the interests of justice. The presumption is that it was properly exercised." State v. Cray, 31 N. D. 67, 153 N. W. 425.

The order appealed from is affirmed.

NUESSLE, Ch. J., and BIRDZELL, BURKE, and BURR, JJ., concur.