[File No. Cr. 107.]

## STATE OF NORTH DAKOTA, Appellant, v. MARTIN J. RUEM-MELE, Respondent.

(251 N. W. 879.)

Opinion filed December 28, 1933.

*P. O. Sathre,* Attorney General, *Max A. Wishek,* State's Attorney, and *J. A. Heder,* Assistant Attorney General, for appellant.

*Jacobsen & Murray* and *Coventry & Thompson,* for respondent.

BURR, Ch. J. In the district court of McIntosh county and after a proper preliminary examination, the state under the provisions of § 9931, Comp. Laws, charged that the defendant as "Treasurer of the McIntosh County Branch of the American National Red Cross, and as such Treasurer having been entrusted with and having in his possession and under his control One Thousand Dollars . . . did . . . appropriate and convert the said moneys . . . to his own use . . . and did convert the said moneys . . . to a use and purpose not in the due and lawful execution of his trust. . . ."

In March 1933 the defendant was arraigned in McIntosh county and upon his application a change of venue was granted to Emmons county. The case was called for trial on June 9, 1933, and at that time the State was granted permission to file an amended information.

The amendment consists mainly in the addition of this provision found in § 9934 of the Compiled Laws, viz.: that the defendant *"did then and there wilfully, unlawfully, fraudulently and feloniously secrete said moneys and certificates of deposit, with a fraudulent intent to appropriate it to a use and purpose not in the due and lawful execution of his trust."*

After being arraigned on this amended information defendant filed a written motion to set aside the information on the ground that "the defendant was and is entitled to a preliminary examination before a magistrate before the filing of said amended information; that he has not had such examination and when held to answer before the District Court, for the charge set forth in said information, nor has the defendant waived said examination in writing, or orally before a magistrate."

The defendant also alleged "that it now appears that there is a new crime charged in this amended information which crime is alleged to be committed in McIntosh county, and; second, this court has no jurisdiction to try a crime alleged to have been committed in McIntosh county, and; third, there is a change of date of the crime, which is a matter of substance, and under the statute after the defendant has pleaded under § 10,633, the information cannot be amended as to substance."

The court overruled the motion and defendant filed a demurrer to the amended information stating "that it appears upon the face thereof

that it does not substantially conform to the requirements of the Criminal Code of North Dakota. That it appears upon the face thereof that more than one offense is charged therein.

That it appears on the face thereof that the facts stated do not constitute a public offense."

The demurrer was overruled and the defendant made a motion to strike out the information alleging with other grounds, that the defendant "has not had a preliminary hearing for the matters set forth in the information." This motion was denied and the defendant interposed a plea of not guilty and further "that the alleged crime is barred by the Statute of Limitations, that more than three years has expired between the filing of the amended information and the alleged commission of the crime."

The defendant then objected to the introduction of any evidence, stating as grounds in general the principles hereinbefore invoked, which motion was denied. Defendant then demanded "that the state elect which claim it is going to prosecute under," and the court sustained the action of the state in refusing to elect.

Upon trial the defendant was found guilty and immediately thereafter moved the court for an arrest of judgment which motion was denied.

Thereafter the defendant moved for a new trial alleging, among other things, that the "court . . . has done and has allowed acts in the action prejudicial to the substantial rights of the defendant" and further "that the verdict is contrary to law and clearly against the evidence." In support of this motion he set forth eight specifications of insufficiency of the evidence and twenty-six specifications of error alleged to have occurred during the trial of the case, including permission of the State to file the amended information, overruling the motion to quash the information, overruling the defendant's motion to strike out the information, overruling the defendant's demurrer to the information, overruling the objection to the introduction of evidence, and "refusing to require the state to elect on which crime of the two crimes alleged in the information it would proceed to try the defendant."

The trial court granted this motion, stating: "The same hereby is granted upon the ground that the verdict is contrary to law and is clear-

ly against the evidence; the court feeling the evidence is so unsatisfactory that the verdict should not be allowed to stand."

From this order granting a new trial the State appeals alleging: "That the verdict of the jury finding the defendant guilty was not contrary to law, was not against the evidence, nor clearly against the evidence, and that the evidence was satisfactory and sufficient upon which the jury could find a verdict of guilty."

As said in the case of State v. Vogt, 57 N. D. 335, 221 N. W. 887, "The principles governing the determination of a motion for a new trial on the ground of insufficiency of the evidence are so fully considered and stated in State v. Weber, 49 N. D. 326, 191 N. W. 610, that we shall content ourselves by merely citing that decision," in differentiating between the respective duties of a trial court and an appellate court. When the evidence showing defendant's guilt is vague and uncertain it cannot be said the trial court abused its discretion in ordering a new trial. State v. Strong, 52 N. D. 197, 201 N. W. 858.

The State relies mainly upon the case of State v. Lennick, 47 N. D. 393, 182 N. W. 458. It is true that in this case cited an order granting a new trial upon conviction for larceny was reversed upon appeal by the State, but there is a vast difference between the case cited and this case at bar. In State v. Lennick it was not denied by the defendant that the "evidence adduced was sufficient to warrant the verdict of guilty returned by the jury," but the point involved was the proof of the place of the commission of the crime. The court was of the opinion the evidence was not sufficient to show the commission of the crime in Mercer county, while the record was ample in this respect. This being the ground for the order, and all other necessary elements having been proved, the court was in error in granting a new trial.

In the case at bar the insufficiency of the evidence relates to the material elements of the crime itself, rather than the place of the commission of the crime; and the record was so vague and uncertain the trial court was convinced as a matter of law that the evidence was insufficient to sustain the verdict. It was the duty of the trial court to exercise judicial discretion in this case. There being ample basis for its exercise the discretion of the trial court will not be interfered with.

There is a matter which we deem necessary to determine for future

proceedings, as on a new trial the parties will be confronted with the point raised by the defendant regarding the amendment to the information.

The original information was drafted undoubtedly under the provisions of § 9931 of the Compiled Laws.

The amended information adds a provision found in § 9934 of the Compiled Laws. In this amended information not only is the defendant charged with appropriating the money—being to his own use a use and purpose not in the due and lawful execution of his trust—but also that he did "wilfully, unlawfully and feloniously *secrete such money with a fraudulent intent to appropriate it to a use and purpose not in the due and lawful execution of his trust.*" In the original information it is alleged that the defendant was the Treasurer of the McIntosh County Branch of the American National Red Cross, as such treasurer he had such money under his control and he embezzled it. Such charge conforms to the nature of the offense set forth in § 9931 of the Compiled Laws. Section 9934 deals with persons intrusted with property as bailee or with a power of attorney for its sale. When such a person "secretes it (the property or the proceeds) with the fraudulent intent to convert it to his own use, he is guilty of embezzlement." This is a distinct and separate crime.

By including this in the original the state charges the defendant with the commission of two crimes.

It is true that § 9931 also makes the act of secreting property "with a fraudulent intent to appropriate it" to a use or purpose, "not in the due and lawful execution of his trust" an act of embezzlement; but even this section outlines two sets of acts which constitute embezzlement— the actual appropriation of the property "to any use or purpose not in the due and lawful execution of its trust" and the secreting of such property "with a fraudulent intent to appropriate it to such use or purpose."

The State on argument did not contend that the amendment of the information was an attempt to charge "secreting" as defined in § 9931; nor deny defendant's claim that an examination of the two informations indicates quite clearly it was an attempt to combine a portion of § 9934 with a portion of § 9931. However, even if the State intended to include the act of "secreting," as referred to in § 9931, nevertheless

the State, by adding the charge of secreting charged two crimes in the information.

The record shows he had no preliminary examination on the second crime charged. By motion to quash, by demurrer to the information, by the State being required to elect the defendant protected his rights, and insisted upon being tried for the crime set forth in the original information. The objections taken by the defendant were well founded and upon a new trial his rights will be protected.

The order granting a new trial is affirmed.

BURKE, NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.