STATE v. GARY HOUSKER.

139 N. W. (2d) 474.

January 7, 1966—No. 39,882.

---

[2] Fisher v. Red & White Taxi Co. 270 Minn. 317, 133 N. W. (2d) 543; 21 Dunnell, Dig. (3 ed.) § 10426(11 to 14).

*Lawrence M. Hall,* for appellant.

*Robert W. Mattson,* Attorney General, *Gerard W. Snell,* Solicitor General, and *Chester A. Yon,* County Attorney, for respondent.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

On May 12, 1964, defendant was convicted as an accessory to the crime of burglary, defined by Minn. St. 609.05 and 609.58, subd. 2(3), (L. 1963, c. 753, §§ 609.05 and 609.58, subd. 2[3]). He claims infringement of constitutional rights resulting from the receipt in evidence at trial of statements made by him to the sheriff and a parole agent after he had been arrested, incarcerated, and questioned, but before he had conferred with an attorney. In support of his position he cites Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. ed. (2d) 977, and Massiah v. United States, 377 U. S. 201, 84 S. Ct. 1199, 12 L. ed. (2d) 246.

The issues raised are controlled by our decision in State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3. Upon the authority of that decision, we affirm because:

■ The record discloses no affirmative conduct on the part of law-enforcement officials as the result of which defendant's right to counsel was frustrated.

44

■ There was no proper objection made at trial to the receipt of the evidence now questioned.

■ There was no demand for a separate fact hearing on the issue of the voluntariness of the statements attributed to defendant which were received in evidence.

■ The record, considered as a whole, supports the conviction; therefore, we do not exercise our discretion to waive the requirement of timely objection.

A summary of the factual situation will demonstrate the reasons for these conclusions:

On the evening of December 3, 1963, defendant appeared at the home of Gilbert and Albert Gulbranson, his uncles, located in a rural area in Roseau County. They accompanied him to a nearby farm. Returning home about an hour later, the Gulbransons discovered that $756 in cash was missing from a trunk where the money was kept.

Defendant was arrested on December 6, 1963, and taken to the office of the sheriff where, in response to his request for a lawyer, he was advised that he could use the phone and call anyone he chose. He did not do so. The same day defendant was taken to the municipal jail in Roseau where the sheriff questioned him with respect to the crime. He refused to answer any questions and once again asked to see a lawyer. The sheriff offered to take defendant to a phone so that he could call counsel. Defendant declined. The sheriff then prepared to leave. As he was about to do so, defendant volunteered some incriminating statements as a result of which the two of them went to defendant's home where a sum in cash, said to be a share of the loot, was retrieved.

On December 9, 1963, defendant waived preliminary hearing and was bound over to the district court with the bond for his appearance there set at $3,000.

On December 9 or 10, 1963, Mr. James Beuning, a parole agent, attempted without success to obtain a written statement. On December 21, 1963, Beuning, after having first advised defendant of his right to confer with an attorney and that any statement given could be used against him, secured a confession in writing from defendant with respect to his participation in the offense.

At trial the sheriff testified, without objection, as to his conversations with defendant on the day of the arrest. Mr. Beuning testified that he had taken a written statement from defendant on December 21, 1963. Objection to the admission of the statement itself was sustained on the ground that defendant had not been given a copy as required by statute. Minn. St. 611.033. Mr. Beuning then testified without objection to the conversations in which defendant acknowledged participation in the theft.

Dennis Skogstad testified at trial that he, Frank Blawat, and defendant were planning to go to Grand Forks, North Dakota, on December 3, 1963, and that defendant suggested that the money needed for the trip be stolen from the Gulbransons. The three of them went to a point near the farm home. Skogstad and Blawat got out of the car. Defendant drove to the house and went in. After a short while he came out with one of his uncles. The other then came out and they drove away together. The two accomplices then broke into the house; took the money; and hid near the road. By prearrangement, defendant signaled his return by blinking the lights of the car; discharged his passengers; and then drove slowly down the road to rendezvous and divide the proceeds of the venture.

Gilbert Gulbranson, one of the victims, testified that defendant came to his farm home at about 7 p. m. on the critical date and invited Gilbert and a brother to go with him to the Carl Thompson farm. They went, but finding no one home there, returned again, the whole trip taking about one hour. Gilbert Gulbranson observed that after defendant left them and was driving away he stopped, for no apparent reason, a short distance from the house. Although Mr. Gulbranson did not observe anyone getting into the car at that time, it is to be inferred, in light of Skogstad's testimony, that it was then that Skogstad and Blawat rejoined defendant.

The amount of cash delivered by the defendant to the sheriff on the day of his arrest was $58, which defendant acknowledged to have been the residue of his share of the sum taken.

No evidence was presented by the defendant to rebut the inescapable inference of guilt compelled by the evidence which has been reviewed. There was adequate corroboration of the testimony of the accomplice.

State v. Mathiasen, 267 Minn. 393, 127 N. W. (2d) 534. Even if objection had been made to the receipt in evidence of the statements attributed to defendant, the reasonable inference to be taken from the facts disclosed by the record is that the statements were given freely and voluntarily within the rules outlined in State v. Taylor, 270 Minn. 333, 133 N. W. (2d) 828. However, we do not approve or condone the delay between the arrest on Friday, December 6, and the municipal court appearance on Monday, December 9, 1963. See, Jones, Minnesota Criminal Procedure (2 ed.) § 5.

Affirmed.