STATE v. DENNIS DAROL LINEHAN.

150 N. W. (2d) 203.

April 14, 1967—No. 40,331.

[3] See, also, Wright v. Minneapolis St. Ry. Co. 222 Minn. 105, 23 N. W. (2d) 347.

*C. Paul Jones,* State Public Defender, and *Ronald L. Haskvitz,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Gerard Snell,* Solicitor General, *William B. Randall,* County Attorney, and *Mentor C. Addicks, Jr.,* Assistant County Attorney, for respondent.

SHERAN, JUSTICE.

Appeal from district court judgment of conviction.

On August 6, 1965, an indictment was returned charging defendant in separate counts with murder in the first degree, murder in the third degree, and kidnapping. On September 17, 1965, defendant was arraigned on the indictment in the District Court of Ramsey County. He tendered a plea of not guilty to murder in the first degree, guilty to murder in the third degree, and not guilty to kidnapping by reason of double jeopardy. The trial judge refused to accept it. On September 27, 1965, the trial court denied defendant's motion to proceed with presentence examination for sentencing upon the third-degree murder plea. On October 1, 1965, the court granted the state's mo-

tion to dismiss the indictment and file an information charging the crime of kidnapping. Defendant was again arraigned. He pleaded guilty and was sentenced according to law.

The appeal from the conviction is on the grounds that the trial court erred (1) in refusing to sentence defendant upon his plea of guilty to murder in the third degree as charged in the indictment and allowing the state to dismiss the indictment and proceed by information after defendant had already entered a plea to murder in the third degree as charged in the indictment; and (2) in accepting defendant's plea of guilty when such plea was motivated by two illegally obtained confessions.

I

### Refusal to Sentence on Murder Third and Allowing Dismissal of Indictment and Filing of Information

Subsequent to defendant's attempt to plead guilty to murder in the third degree and the trial court's refusal to accept such plea or conduct a presentence examination for sentencing thereon, the following proceedings were had in district court:

"[Mr. Randall, the county attorney] * * * In order to properly protect the public interest in the matter and to avoid any error by limiting the defendant's rights, the State now moves the Court that the entire indictment as originally found by the Grand Jury and filed with this Court be dismissed and that an information be substituted therefor charging the defendant with the crime of kidnapping. * * *

* * * * *

"Mr. Tolaas [the public defender]: * * * [W]e * * * object to this type of procedure * * * because the advice that was given to him thus far was given to him on the basis of the form of the indictment where he has appeared on two occasions and pleas have been entered. We feel that our theory and the procedure followed by us on the two previous occasions was proper and he had a right to plead to Count 2, and going one step further, we feel if that plea were accepted it would bar any charge on kidnapping on the ground of double jeopardy. * * *

"THE COURT: * * * The motion of the State will be allowed and the objection will be overruled. The indictment will be dismissed and the information may be filed.

"MR. LENZMEIER [the assistant public defender]: May we have a ten minutes recess to discuss this matter with the defendant before arraignment—and when I say 'discuss this matter with the defendant,' we've been aware of it, as Mr. Tolaas indicated, that the State intended to do this as of late yesterday afternoon and we've been in conference with him, but we would want ten minutes, if the Court please, before the defendant is arraigned.

"THE COURT: There will be a ten minutes recess, and in order that you may confer with him the deputy will see that he is taken to the jury room where you can confer with him.

\* \* \* \* \*

"MR. LENZMEIER: * * * [T]he defendant is ready for arraignment, Your Honor.

"THE COURT: The defendant may be arraigned."

Following this, defendant was arraigned, and he pleaded guilty. He was then sworn and interrogated. He told how he had discussed the charges with his attorneys and gave his version of the events in question which showed him to be guilty of the crime.

## DOUBLE JEOPARDY

■ Because defendant tendered a plea of guilty to murder in the third degree as charged in the indictment, it is urged that the information charging kidnapping arising out of the same conduct on the part of the defendant is barred on grounds of double jeopardy. We do not agree.

Minn. St. 630.11 requires that the arraignment include the reading of the indictment to the defendant (unless he waives its being read) and "asking him whether he pleads guilty or not guilty *to the indictment*." (Italics supplied.) Minn. St. 630.13 provides that after being arraigned, defendant "shall answer to the arraignment, and either move the court to set aside *the indictment*, or demur or plead *thereto*." (Italics supplied.)

The only provision regarding pleas of guilty to something less than the entire indictment is § 630.30, which states:

"When any person charged with crime shall be *permitted* by any court or magistrate to plead guilty to *a lesser degree of the offense than that which he is charged, or to a lesser offense included within the offense with which he is charged,* the reasons for the acceptance of such plea shall be set forth in an order of the court directing such acceptance and entered upon the minutes, and any recommendations of the county attorney or other prosecuting officer in reference thereto, with his reasons therefor, shall be stated in writing and filed as a public record with the official files of the case." (Italics supplied.)

It is clear to us that the above sections contemplate not an absolute right on the part of a defendant to plead guilty, but a power on the part of the court, in its discretion, to allow him to do so in proper cases.

Defendant urges that § 630.30 does not apply in the present case because the indictment specifically charged defendant with the crime of murder in the third degree. In tendering a plea of guilty to that offense, he reasons, he was not offering to plead to a "lesser degree" of or a "lesser offense included" in the crime charged. Any implication of judicial discretion to be drawn from the language of § 630.30 would not apply if defendant's position in this respect is right. But we do not think it is. Defendant did not offer to plead guilty to the indictment as charged. Like the defendant who is prepared to plead guilty to a lesser degree of the charged offense or a lesser offense included in it, this defendant's proposal was something less than that. He proffered a plea of guilty to a part of the indictment only. This situation so much parallels the procedure envisioned by § 630.30 as to suggest that here also the power of the trial court to accept or reject the plea as tendered was discretionary.

Defendant argues that since he could have been convicted of murder in the third degree even if it had not been specifically charged (such crime being included in the crime of murder in the first degree), the fact that it was specifically charged must be taken as showing the

grand jury's intention that he be allowed to plead guilty thereto. It is difficult to see how defendant can attribute the intention of allowing him to limit his punishment to 25 years to a body which has determined the state had a prima facie case against him on crimes carrying life and 40-year sentences. There is nothing in the grand jury's action showing an intent to vary the rule that the defendant has no absolute right to plead guilty to anything less than the entire indictment.

Section 609.035 is consistent with this result. The policy of that section is to protect the criminal defendant from multiple prosecutions and punishment for offenses arising out of the same conduct. The policy is facilitated when the state includes all offenses arising out of given conduct in one prosecution, stating the offenses in separate counts. It would be manifestly contrary to this policy for the defendant to have the absolute right to select from an indictment the count charging the crime carrying the lowest penalty; plead guilty thereto; demand that the plea be accepted; and then set up a double-jeopardy defense to the balance of the indictment.

### RIGHT TO PRELIMINARY HEARING

■ At oral argument, the fact that defendant had not had, nor had he waived, any complaint, warrant, or preliminary hearing on the offense charged in the information was considered.

Although the Fifth Amendment of the United States Constitution provides in part that "[n]o person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury," it was early held that this provision applies only to the Federal government and that use by the states of informations rather than indictments for felonies does not violate Fourteenth-Amendment due process. See, Hurtado v. California, 110 U. S. 516, 4 S. Ct. 111, 28 L. ed. 232.

Although a reading of Hurtado v. California, *supra,* would suggest that the reason proceeding by indictment is not essential is that the safeguards thereof are fulfilled by the procedures surrounding the use of informations,[1] this notion was dispelled in Lem Woon v. Oregon,

---

[1] Hurtado v. California, 110 U. S. 516, 538, 4 S. Ct. 111, 122, 28 L. ed. 232,

229 U. S. 586, 33 S. Ct. 783, 57 L. ed. 1340 (a review of a murder conviction for which defendant was sentenced to death), in which the court held a state could proceed by information rather than indictment in felony cases even though the state procedure did not require that the information be preceded by any preliminary examination of the accused, commitment by a magistrate, or verification other than the district attorney's official oath.

It may be that the problem is not permanently settled even though under present law the preliminary hearing is not a constitutional prerequisite of the information procedure. In Kennedy v. Walker, 337 U. S. 901, 69 S. Ct. 1046, 93 L. ed. 1715, affirming Id. 135 Conn. 262, 63 A. (2d) 589, four justices dissented from the one-line per curiam affirmance of a felony case holding that the prosecution by information rather than indictment violated no Federal constitutional right.

Apart from the requirements of the Federal Constitution, the failure to afford defendant a preliminary hearing before the information to which he pleaded guilty was filed presents a serious problem in the present case because of Minn. St. 628.31, which provides:

"No information shall be filed against any person for any offense *until* such person shall have had a preliminary examination as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such preliminary examination." (Italics supplied.)

We do not reverse on the present record because:

(a) Both count 3 of the indictment and the information charge a

---

239, provides: "* * * [W]e are unable to say that the substitution for a presentment or indictment by a grand jury of the proceeding by information, after examination and commitment by a magistrate, certifying to the probable guilt of the defendant, with the right on his part to the aid of counsel, and to the cross-examination of the witnesses produced for the prosecution, is not due process of law. * * * [I]n every circumstance of its administration, as authorized by the statute of California, it carefully considers and guards the substantial interest of the prisoner. It is merely a preliminary proceeding, and can result in no final judgment, except as the consequence of a regular judicial trial, conducted precisely as in cases of indictments."

violation of § 609.25.[2] Count 3 of the indictment and the information differ in that the indictment states defendant removed the victim "for the purpose of facilitating the commission of a felony, to wit: Carnal knowledge of said child," whereas the information states that the felony intended was "indecent assault of said child." But, since carnal knowledge of a child would appear to necessarily involve an indecent assault, where, as here, the victim is less than 16 years of age,[3] the indictment of the grand jury constituted an implicit finding that a prima facie case on the crime charged in the information existed.[4]

(b) The decisions of this court holding that the defendant can

---

[2] Minn. St. 609.25 provides in part: "Subdivision 1. Whoever, for any of the following purposes, confines or removes from one place to another, any person without his consent or, if he is under the age of 16 years, without the consent of his parents or other legal custodian, is guilty of kidnapping and may be sentenced as provided in subdivision 2:

\* \* \* \* \*

"(2) To facilitate commission of any felony \* \* \*; \* \* \*

\* \* \* \* \*

"Subd. 2. Whoever violates subdivision 1 may be sentenced as follows:

"(1) If the victim is released in a safe place without great bodily harm \* \* \*.

"(2) Otherwise to imprisonment for not more than 40 years or to payment of a fine of not more than $40,000, or both."

[3] Under § 617.02, the offense is to "carnally know and abuse any female child under the age of 18 years." Under § 617.08, it is a felony to take "indecent liberties with or on the person of any female under the age of 16 years \* \* \* without regard to whether \* \* \* she shall consent to the same or not."

[4] For analogous situations involving a substituted or amended information, see 22 C. J. S., Criminal Law, § 332(b). It has been held that a preliminary hearing must be extended where the original information charged misappropriation, and the amended one charged secreting with fraudulent intent to misappropriate, State v. Ruemmele, 64 N. D. 248, 251 N. W. 879; but not where the amendment merely described the stolen goods allegedly received by defendant more precisely than the original, defendant at all times being fully advised as to the identity of the goods, State v. Pansey, 61 Nev. 333, 128 P. (2d) 464; or where the original charged both statutory and common-law rape, and the amendment merely omits the common-law count, People v. Perry, 232 Mich. 433, 205 N. W. 151.

waive his right to a preliminary hearing when arraigned upon an information [5] establish inferentially the proposition that the filing of an information without a preliminary examination as provided by law is not fatal to the jurisdiction of the district court.

(c) The record discloses no showing that the defendant was prejudiced under the particular circumstances of this case by the fact that a preliminary hearing was not directed.[6]

## II

### PLEA INDUCED BY INVOLUNTARY CONFESSION

■ Defendant asserts that the trial court erred in accepting his plea of guilty where such plea was motivated by two confessions obtained

[5] See, State v. Puent, 198 Minn. 175, 269 N. W. 372; State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441; State ex rel. Welper v. Rigg, 254 Minn. 10, 93 N. W. (2d) 198. As a general rule where a defendant in a criminal case who is represented by competent counsel enters a plea of guilty to a crime charged in an information, he waives all defenses other than that the information charges no offense. State ex rel. Cobb v. Rigg, 251 Minn. 208, 87 N. W. (2d) 363; State ex rel. Savage v. Rigg, 250 Minn. 370, 84 N. W. (2d) 640. See, State ex rel. Riendeau v. Tahash, 276 Minn. 26, 148 N. W. (2d) 557; State ex rel. Duhn v. Tahash, 275 Minn. 377, 147 N. W. (2d) 382; State ex rel. Farrington v. Rigg, 259 Minn. 483, 107 N. W. (2d) 841. On the subject generally, see 22 C. J. S., Criminal Law, §§ 332(d) and 333.

For Federal cases involving the analogous problem of the waiver of the right to be proceeded against by indictment, see Ex parte McClusky (C. C. D. Ark.) 40 F. 71; United States v. Gill (D. N. Mex.) 55 F. (2d) 399; Barkman v. Sanford (5 Cir.) 162 F. (2d) 592, certiorari denied, 332 U. S. 816, 68 S. Ct. 155, 92 L. ed. 393; Smith v. United States, 360 U. S. 1, 79 S. Ct. 991, 3 L. ed. (2d) 1041; United States v. Choate (5 Cir.) 276 F. (2d) 724. The Federal courts do not find waiver from mere nonaction. Bartlett v. United States (8 Cir.) 354 F. (2d) 745, certiorari denied, 384 U. S. 945, 86 S. Ct. 1471, 16 L. ed. (2d) 542; United States v. Culbert (W. D. Mo.) 215 F. Supp. 333; United States v. Jones (7 Cir.) 177 F. (2d) 476; Cross v. United States, 117 App. D. C. 56, 325 F. (2d) 629; United States v. Chisholm (E. D. Ark.) 5 F. R. D. 397; Carnley v. Cochran, 369 U. S. 506, 82 S. Ct. 884, 8 L. ed. (2d) 70; Rice v. Olson, 324 U. S. 786, 65 S. Ct. 989, 89 L. ed. 1367.

[6] See, State ex rel. Ballinger v. Tahash, 273 Minn. 177, 140 N. W. (2d) 53; State ex rel. Geiselhart v. Tahash, 274 Minn. 464, 144 N. W. (2d) 354.

under circumstances clearly establishing they were illegally obtained. His brief asserts the existence of various incidents leading up to the confessions which he claims show the confessions were illegally obtained, and that his guilty plea was based upon the misapprehension that these confessions could be used against him if he pleaded not guilty. Copies of the alleged confessions are appended to his brief as exhibits.

Because the record does not disclose any facts as to the incidents leading up to the giving of the confessions, the assertions as to such facts in defendant's brief must, at this time, be disregarded.

Even if the copies of the alleged confessions be treated as properly before this court, sufficient grounds for reversal do not now appear. Each document shows on its face a statement to defendant that he did not have to give a statement; that he could be represented by his attorney; and that anything he might say could be used against him; and statements by defendant that notwithstanding these rights he wished to make a statement and that he did so of his own free will without threats or promises.

The fact that legal counsel had been appointed for defendant by the time of his confessions but that such counsel was not present when he made them does not per se show the confessions were illegally obtained, at least inasmuch as these confessions pertained to a conviction had between the dates of Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. ed. (2d) 977 (June 22, 1964), and Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. (2d) 694 (June 13, 1966). See, Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772, 16 L. ed. (2d) 882 (effective dates of Miranda and Escobedo); State ex rel. Anderson v. Tahash, 273 Minn. 499, 142 N. W. (2d) 94 (Escobedo requires affirmative police misconduct); State v. Housker, 273 Minn. 42, 139 N. W. (2d) 474 (same); State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3 (same). However, such fact is relevant as to and should be considered along with the other facts in determining whether the confessions were voluntary. See, Miranda v. Arizona, *supra;* State ex rel. Rasmussen v. Tahash, *supra.*

It should also be noted that neither the present record nor the copies

of the confessions furnish support for defendant's claim that he pleaded guilty because of a misapprehension that the confessions could be used against him if he stood trial. See, State ex rel. Fruhrman v. Tahash, 275 Minn. 242, 146 N. W. (2d) 174; State ex rel. Anderson v. Tahash, *supra;* State v. Kramer, 272 Minn. 454, 139 N. W. (2d) 374; State v. Richter, 270 Minn. 307, 133 N. W. (2d) 573.

## FOR REMAND

We do not make a final disposition of the case at the present time because certain questions raised by defendant in this court should first be presented and determined in the district court. Upon a motion to vacate the plea of guilty the trial court may consider the claim of defendant that his plea of guilty to the information was interposed only because of a justifiable belief that illegally obtained confessions could be used against him and upon the further ground that the failure to accord a preliminary hearing caused substantial prejudice. Further proceedings in this court will be deferred until the district court has had opportunity to consider these aspects of the matter. See, State v. Clifford, 267 Minn. 554, 126 N. W. (2d) 258.

Remanded for further proceedings.