**Dennis D. LINEHAN, Appellant,**

v.

**STATE OF MINNESOTA, Appellee.**

**No. 20567.**

United States Court of Appeals,
Eighth Circuit.

Feb. 9, 1971.

Jan D. Stuurmans, Minneapolis, Minn., on brief for appellant.

Douglas M. Head, Atty. Gen., William B. Randall, Ramsey County Atty., and Thomas M. Quayle, Asst. Ramsey County Atty., St. Paul, Minn., on brief for appellee.

Before MATTHES, Chief Judge, Mr. Justice CLARK,* and BRIGHT, Circuit Judge.

PER CURIAM.

Appellant was convicted of kidnapping upon his plea of guilty entered October 1, 1965 in the Ramsey County District Court for the State of Minnesota. He appealed this conviction contending, inter alia, that his plea of guilty was motivated by two illegally obtained confessions. The Minnesota Supreme Court remanded to the trial court to consider this claim, as the record on appeal did not disclose the circumstances leading to the giving of the confessions. State v. Linehan, 276 Minn. 349, 150 N.W.2d 203 (1967). After a hearing on this issue, the state trial court found that the confessions were voluntary and that, in any event, the plea of guilty had been prompted by many factors, only one of which was the existence of the two confessions. The Minnesota Supreme Court affirmed. State v. Linehan, 282 Minn. 254, 164 N.W.2d 616 (1969).

Appellant then filed a petition for writ of habeas corpus in the United States District Court for the District of Minnesota, again alleging that his guilty plea was involuntary because induced by coerced confessions. Noting the decisions of the Second Circuit in United States ex rel. Richardson v. McMann, 408 F.2d 48 (2d Cir., 1969), United States ex rel. Williams v. Follette, 408 F.2d 658 (2d Cir. 1969), and United States ex rel. Ross v. McMann, 409 F.2d 1016 (2d Cir. 1969), the district court ordered that an evidentiary hearing be held to determine whether the existence of the confessions was the primary motive for the guilty plea.

However, prior to the time for the hearing, the Supreme Court rendered its opinion in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), reversing the above cited Second Circuit decisions and holding that "a defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus." Id. at 771, 90 S.Ct. 1441, 1449.

The State then requested the court to reconsider its order requiring an evidentiary hearing on the voluntariness of appellant's guilty plea. At oral argument on the State's motion, appellant, for the first time, also contended that he was represented by incompetent counsel prior to entering his plea of guilty, and therefore an evidentiary hearing was necessary despite the decision in *McMann,* supra. The district court rejected this claim on two grounds. First, the

---

* The Honorable Tom C. Clark, Retired Associate Justice of the Supreme Court of the United States, sitting by special designation.

court found that state remedies on the incompetency of counsel claim were not exhausted, because this contention had never been squarely presented to the state courts. Secondly, the court found that the claim was not supported by the record, which showed that the two attorneys who represented appellant prior to his plea of guilty informed him of the right to contest the admissibility of the confessions prior to trial. The court noted that while the attorneys had also advised appellant that his chances of success in suppressing the confessions were slim, this advice was reasonably competent, as illustrated by the later ruling of the Minnesota courts that the confessions would have been admissible. State v. Linehan, 282 Minn. 254, 164 N. W.2d 616 (1969). In so holding, the district court found the Supreme Court's language in *McMann* controlling:

"That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing. Courts and judges continue to have serious differences among themselves on the admissibility of evidence, both with respect to the proper standard by which the facts are to be judged and with respect to the application of that standard to particular facts. That this Court might hold a defendant's confession inadmissible in evidence, possibly by a divided vote, hardly justifies a conclusion that the defendant's attorney was incompetent or ineffective when he thought the admissibility of the confession sufficiently probable to advise a plea of guilty.

"In our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the grounds that counsel may have misjudged the admissibility of the defendant's confession." 397 U.S. at 770, 90 S.Ct. at 1448.

On these bases, the district court, in a well-reasoned opinion, vacated its prior order requiring an evidentiary hearing, and dismissed the petition for writ of habeas corpus.

We are in complete agreement with the district court that the decision in McMann v. Richardson, supra, is dispositive of every aspect of this case. Accordingly, the order appealed from is affirmed.