*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2037**

State of Minnesota,
Respondent,

vs.

LaQuinn Jamul Williams,
Appellant.

**Filed September 2, 2014
Affirmed
Smith, Judge**

Ramsey County District Court
File No. 62-CR-12-9837

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Julie Loftus Nelson, Nelson Criminal Defense & Appeals, P.L.L.C., Minneapolis, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Bjorkman, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH**, Judge

We affirm appellant's convictions for second-degree assault because the district court did not err by admitting family relationship evidence or by denying appellant's

motion to admit a victim's criminal convictions. The district court did not abuse its discretion by denying appellant's motion for a downward-dispositional departure sentence.

## FACTS

Appellant LaQuinn Williams went to an apartment complex where his ex-girlfriend, F.G., lived to pick up his 18-month-old child for parenting time. F.G. brought out the child accompanied by her fiancé, E.S., because, based on a history of conflicts with Williams during parenting-time exchanges, she preferred to avoid meeting him alone. After learning that F.G. had had the child's hair cut, Williams became "enraged" and began threatening to harm F.G. E.S. attempted to intervene in the argument.

F.G. noticed that Williams was carrying a gun, and she attempted to pull E.S. towards the apartment building while Williams was strapping the child into a car seat. But Williams jumped out of the car and fired shots into the air. F.G. and E.S. began running towards the building, and F.G. heard more shots "coming towards [them]." She looked back and saw that Williams had lowered his arm and was shooting directly at them. She ran to her apartment and called the police.

The state charged Williams with two counts of second-degree assault and two counts of attempted second-degree murder. Before trial, the state moved the district court to admit evidence of three prior incidents where Williams had assaulted family members, including two assaults on F.G and one on Williams' estranged wife. Over Williams' objection, the district court admitted the evidence, citing Minn. Stat. § 634.20 (2012 & Supp. 2013).

2

Williams moved to admit evidence of E.S.'s prior criminal convictions for impeachment purposes, including a conviction for robbery in 2000, a conviction for aggravated robbery in 2001, a conviction for possession of burglary tools in 2007, and a conviction for providing false information to police in 2008. The district court admitted the evidence of the 2007 and 2008 convictions for impeachment purposes, but it barred the evidence of the 2000 and 2001 convictions under Minnesota Rule of Evidence 609. It also opined that, because Williams could impeach E.S.'s credibility with the 2007 and 2008 convictions, evidence of the 2000 and 2001 convictions would be unnecessarily cumulative.

During his testimony, Williams admitted previously assaulting F.G., characterizing it as a necessary response after she threatened him with a box cutter. During cross-examination, the prosecutor asked Williams whether he had also previously assaulted his estranged wife, and Williams denied it. The district court cautioned the jury that any evidence of previous domestic assaults "was admitted for the limited purpose of demonstrating the nature and extent of the relationships between [Williams] and [F.G.] and [Williams's estranged wife]," and it instructed the jury "not to convict [Williams] on the basis of similar conduct from" the previous assaults. During his closing argument, the prosecutor referenced the district court's cautionary instruction, stating that "just because those [previous assaults] happened, doesn't mean you hold that against [Williams] and find him guilty on this . . . case."

The jury found Williams not guilty of the second-degree attempted murder charges and guilty of the second-degree assault charges. Citing his amenability to

3

probation, his claim of a self-defense motive, and his health problems, Williams moved the district court to impose a downward-dispositional-departure sentence. The district court sentenced him within the presumptive sentencing guidelines to consecutive sentences of 36 months' incarceration on each second-degree assault conviction, stating that it was imposing consecutive sentences because Williams's offenses involved "two distinct victims."

**D E C I S I O N**

**I.**

Williams contends that the district court erred by admitting testimony regarding Williams's previous assault on his estranged wife. "Evidentiary rulings rest within the sound discretion of the [district] court and will not be reversed absent a clear abuse of discretion. On appeal, the appellant has the burden of establishing that the [district] court abused its discretion and that appellant was thereby prejudiced." *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003) (citation omitted).

Williams argues that the state lacked a legitimate purpose to offer evidence of his previous assault on his estranged wife because she was not a victim or family member of a victim in the present case. "Evidence of domestic conduct by the accused against the victim of domestic conduct, or against other family or household members, is admissible unless the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury . . . ." Minn. Stat. § 634.20 (2012). The scope of the phrase "other family or household members" includes those of the defendant, not the victim. *See State v. Valentine*, 787 N.W.2d 630, 636-37 (Minn. App.

4

2010) (rejecting the appellant's argument that "other family or household members" refers to those of the victim), *review denied* (Minn. Nov. 16, 2010).  The scope of section 634.20 includes "former spouses or other girlfriends."  *Id.* at 637.  Williams's estranged wife fits squarely within the scope of Minn. Stat. § 634.20.

## II.

Williams next contends that the district court erred by denying his motion to admit evidence of E.S.'s 2000 and 2001 criminal convictions, arguing that the evidence would have contributed to Williams's self-defense argument by establishing that Williams had a reasonable basis to fear E.S.  Normally, we review a district court's evidentiary rulings for an abuse of discretion.  *Amos*, 658 N.W.2d at 203.  But when a party seeks admission of evidence on one basis during trial and offers a different theory on appeal, the issue is waived.  *See State v. Carroll*, 639 N.W.2d 623, 629 n.3 (Minn. App. 2002) ("A party may not obtain [appellate] review by raising the same issue under a different theory."), *review denied* (Minn. May 15, 2002).  At our discretion, however, we may review the district court's evidentiary rulings for plain error.  *See* Minn. R. Crim. P. 31.02 ("Plain error affecting a substantial right can be considered by the court . . . on appeal even if it was not brought to the [district] court's attention.").  Here, Williams moved to admit evidence of E.S.'s 2000 and 2001 convictions for impeachment purposes, not as part of his self-defense claim.

An evidentiary error claimed for the first time on appeal warrants reversal only when it was actually an error, the error was plain, and the error affected the defendant's

substantial rights. *State v. Hull*, 788 N.W.2d 91, 100 (Minn. 2010). When these three criteria are met, we may, at our discretion, reverse in order to protect the "fairness, integrity, or public reputation of the judicial proceeding." *Id.* (quotation omitted). Here, there is no error that was plain. A district court commits plain error when its ruling "contravenes case law, a rule, or a standard of conduct." *State v. Ramey*, 721 N.W.2d 294, 302 (Minn. 2006). Williams identifies no caselaw, rule, or standard of conduct that required the district court to admit the evidence of E.S.'s 11- and 12-year-old convictions to buttress Williams's self-defense argument.

More importantly, there is no indication in the record that the district court's exclusion of E.S.'s 2001 and 2000 convictions affected Williams's substantial rights. Although Williams claims that he "was aware of [E.S.'s] past," he offers no citation to the record indicating that he knew of E.S.'s 2000 and 2001 convictions at the time he assaulted E.S. and F.G. *See, e.g.*, *State v. Linehan*, 276 Minn. 349, 358, 150 N.W.2d 203, 209 (1967). Because there is no indication that Williams was aware of E.S.'s 2000 and 2001 criminal convictions at the time of the assault, or that such awareness specifically motivated his assault, there is no likelihood that the evidence could have buttressed his self-defense claim.

**III.**

Williams argues that the district court abused its discretion by denying his motion for a downward-dispositional departure because it failed to consider mitigating factors. "We will affirm the imposition of a presumptive guidelines sentence when the record shows that the sentencing court carefully evaluated all the testimony and information

6

presented before making a determination." *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013) (quotation omitted), *review denied* (Minn. Sep. 17, 2013). The district court must consider mitigating factors, including the defendant's amenability to probation. *See State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982) (listing amenability to probation as among factors that may justify a downward departure); *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984) (requiring the district court to "deliberately consider[]" mitigating factors before rejecting a motion for a downward departure). But "the district court is not required to explain its reasons for imposing a presumptive sentence." *Johnson*, 831 N.W.2d at 925. "Only the 'rare case' will merit reversal based on the district court's refusal to depart." *Id.* (quoting *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981)).

Here, Williams offered three arguments in support of his motion for a downward-dispositional departure: his amenability to probation, his purported self-defense motive, and his health problems. The district court explicitly considered Williams's amenability-to-probation argument when it concluded that his refusal to take responsibility for his actions made him unamenable to probation. The district court implicitly rejected Williams's self-defense argument when it instructed him to cease his attempts to address the jury's rejection of that argument. The district court explicitly considered Williams's health problems, stating, "I understand that you have some very serious medical issues." The record reflects that the district court considered Williams's arguments in favor of a downward dispositional departure and, after considering those arguments, imposed a presumptive guidelines sentence.

7

In sum, the district court did not err by admitting family relationship evidence under Minn. Stat. § 634.20, did not abuse its discretion by denying Willaims's motion to admit evidence of the victim's criminal convictions, and appropriately sentenced Williams to the presumptive guidelines sentence.

**Affirmed.**