SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| PHOENIX CITY PROSECUTOR'S OFFICE, ) | Arizona Supreme Court |
| ) | No. CV-07-0265-PR |
| ) | |
| Petitioner, ) | Court of Appeals |
| ) | Division One |
| v. ) | No. 1 CA-SA 07-0029 |
| ) | |
| THE HONORABLE GLORIA YBARRA, ) | Maricopa County |
| JUDGE OF THE PHOENIX MUNICIPAL ) | Superior Court |
| COURT, ) | No. LC2007-000005-001 DT |
| ) | |
| Respondent Judge, ) | Phoenix Municipal Court |
| ) | No. 13379681 |
| JOSHUA PRICE LANDERS, ) | |
| ) | |
| Real Party in Interest. ) | **O P I N I O N** |
| _____ ) | |

Appeal from the Phoenix Municipal Court
The Honorable Gloria Ybarra, Judge

**REVERSED AND REMANDED**

_____

Opinion of the Court of Appeals Division One
215 Ariz. 374, 160 P.3d 695 (2007)

**VACATED**

_____

AARÓN J. CARREÓN-AÍNSA, PHOENIX CITY PROSECUTOR          Phoenix
KERRY G. WANGBERG, FORMER PHOENIX CITY PROSECUTOR
     By   Gary L. Shupe, Assistant City Prosecutor
Attorneys for Phoenix City Prosecutor's Office

Jonathan L. Warshaw                                      Gilbert
Attorney for Joshua Price Landers

_____

**R Y A N**, Justice

¶1    For misdemeanor driving under the influence ("DUI") offenses, Arizona Revised Statutes ("A.R.S.") section 28-1381(F) (1998 and Supp. 2005) provides that "[a]t the arraignment, the court shall inform the defendant that the defendant may request a trial by jury and that the request, if made, shall be granted."  We hold that this statute does not allow a defendant to waive a jury trial without the consent of the prosecution.

I

¶2    The Phoenix City Prosecutor's Office charged Joshua Price Landers in municipal court with two DUI offenses:  driving while impaired to the slightest degree in violation of A.R.S. § 28-1381(A)(1) (Supp. 2005) and having an "alcohol concentration of 0.08 or more within two hours of driving" in violation of A.R.S. § 28-1381(A)(2) (Supp. 2005).  Both offenses are class one misdemeanors.  A.R.S. § 28-1381(C) (Supp. 2005).  Landers requested a jury trial under A.R.S. § 28-1381(F).  The jury acquitted Landers of the impaired driving charge but found him guilty of having a blood alcohol concentration of more than 0.08 within two hours of driving.  Landers filed a motion for a new trial, which the municipal court granted.

¶3    Before the retrial, Landers filed a "Waiver Of His Right To Jury Trial."  The prosecutor opposed Landers' waiver and demanded a jury trial, citing, *inter alia*, A.R.S. § 13-3983 (2001), which permits waiver of trial by jury only with "the

consent of both parties expressed in open court and entered on its minutes," and Arizona Rule of Criminal Procedure 18.1(b), which similarly provides that a "defendant may waive the right to trial by jury with consent of the prosecution and the court."

¶4 The municipal court granted Landers' motion, finding that A.R.S. § 28-1381(F) gives a defendant the statutory right to a jury trial. The court also concluded that although a defendant may waive that right, "nothing in the statute requires the consent or approval of the state."

¶5 The prosecution filed a petition for special action in the superior court challenging the municipal court's ruling. The superior court declined to accept jurisdiction.

¶6 The prosecution subsequently sought relief in the court of appeals. That court accepted jurisdiction but, with one judge dissenting, denied relief. The majority held that "[a] plain reading of [A.R.S. § 28-1381(F)] compels the conclusion that only the defendant is entitled to a jury trial and only if the defendant asks for it. Thus, if no request is made by the defendant, the case will not be tried before a jury." *Phoenix City Prosecutor's Office v. Ybarra* (*Landers*), 215 Ariz. 374, 377, ¶ 10, 160 P.3d 695, 698 (App. 2007). Judge Hall dissented, stating that a defendant does not have "the right to be tried without a jury." *Id.* at 381, ¶ 30, 160 P.3d at 702 (Hall, J., dissenting). He reasoned that the plain

3

language of Rule 18.1(b) and A.R.S. § 13-3983 requires the consent of the prosecution before the court may grant a defendant's request to waive a jury trial. *Id.*

¶7    We granted review to resolve this issue of first impression and statewide concern. *See* ARCAP 23(c)(3). We exercise jurisdiction under Article 6, Section 5(3), of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II

¶8    Landers contends that A.R.S. § 28-1381(F) grants a defendant a right to elect a bench trial for a misdemeanor DUI offense. He argues that "the plain language of A.R.S. § 28-1381(F) vested [him] with the option – but not the obligation – to request a jury trial, and . . . the statute does not grant the [prosecution] a reciprocal option." The prosecution counters that, even though a defendant may elect to forgo the right to jury trial under A.R.S. § 28-1381(F), A.R.S. § 13-3983 and Rule 18.1(b) condition that right on the prosecution's consent. Thus, the crux of the dispute here is whether, for a misdemeanor DUI offense, the prosecution has a right to veto a defendant's request to have a bench trial.

¶9    The parties do not contest that A.R.S. § 28-1381(F) grants a defendant charged with a misdemeanor DUI offense a statutory right to a jury trial if requested. *See Manic v. Dawes (Tucson City Attorney's Office)*, 213 Ariz. 252, 254, ¶ 9,

4

141 P.3d 732, 734 (App. 2006) (holding that § 28-1381(F) created a substantive right to a jury trial); *State ex rel. Wangberg v. Smith (Levinson)*, 211 Ariz. 101, 104, ¶ 11, 118 P.3d 49, 52 (App. 2005) (same). On its face, however, this statute only requires that, at arraignment, the magistrate advise a defendant of the right to a jury trial, and if one is requested, grant it. The statute is silent on when such a request must be made or what happens if a defendant does not demand a jury trial. Section 22-320(A) (2002) fills in some of the gaps in limited jurisdiction courts, providing generally, that "[u]nless the demand [for a jury trial] is made at least five days before commencement of the trial, a trial by jury shall be deemed waived." But this statute, which is purely procedural, *see Goldman v. Kautz*, 111 Ariz. 431, 432, 531 P.2d 1138, 1139 (1975), does not confer a right to a jury trial on the prosecution nor speak at all to the issue of whether the defendant's waiver requires the prosecution's consent.[1]

¶10 A third statute, A.R.S. § 13-3983, squarely addresses this issue. Since before statehood the legislature has consistently required the prosecution's consent before a jury

---

[1] *Cf*. *Manic*, 213 Ariz. at 254, ¶ 12, 141 P.3d at 734 (observing that although § 22-320(A) provides that a jury trial is deemed waived if not timely requested, "[g]enerally, waiver of a jury trial does not occur by default") (citing *State v. Jelks*, 105 Ariz. 175, 177, 461 P.2d 473, 475 (1969), and Rule 18.1).

trial can be waived in a criminal action. *See* Rev. Stat. of Ariz., Penal Code § 895 (1901) ("Issues of fact must be tried by jury unless a trial by jury be waived in criminal cases not amounting to felony, by the consent of both parties, expressed in open court and entered in its minutes."); Rev. Stat. Ariz. Penal Code § 1006 (1913) (same); Ariz. Rev. Code § 5027 (1928) ("Issues of fact must be tried by jury, unless a trial by jury be waived in actions not amounting to felony, by the consent of both parties, expressed in open court and entered on its minutes."); Ariz. Code Ann. § 44-1807 (1939) (same); A.R.S. § 13-1593 (1956) ("A trial by jury may be waived in criminal actions not amounting to felony by the consent of both parties expressed in open court and entered on its minutes."). In 1978, the legislature amended A.R.S. § 13-3983 to provide that "[a] trial by jury may be waived in criminal actions by the consent of both parties expressed in open court and entered on its minutes." 1978 Ariz. Sess. Laws, ch. 201, § 250 (2d Reg. Sess.). Section 13-3983 therefore plainly requires the consent of the prosecution before a jury trial may be waived. Nothing in the legislative history or the plain language of A.R.S. § 28-1381(F)[2] reflects any legislative intent to displace § 13-3983.

_____

[2] The original version of what is now A.R.S. § 28-1381(F) was promulgated in 1973 as part of the implied consent statute relating to the offense of driving while under the influence of intoxicating liquor, A.R.S. § 28-691. 1973 Ariz. Sess. Laws,

¶11 The court of appeals acknowledged that "the plain language of A.R.S. § 13-3983" gives the prosecution the right to object to a defendant's decision to forgo a jury trial. *Landers*, 215 Ariz. at 379, ¶ 20, 160 P.3d at 700. But the court believed that such a reading of § 13-3983 "would effectively grant" jury-trial rights to the prosecution in misdemeanor DUI cases. *Id.* It contrasted the jury-trial right here to one that was constitutionally based; the court reasoned that the rationale "for allowing the [prosecution] to obtain a jury trial in the face of a defendant's waiver of a constitutional right to a jury [does] not apply to a waiver of a statutorily created jury-trial right." *Id.* at 377, ¶ 14, 160 P.3d at 698.

¶12 We do not agree that the statutory requirement that the prosecution consent to a jury trial waiver depends upon whether that right originates from the constitution or a

---

ch. 150, § 1 (1st Reg. Sess.). The legislature appeared to be responding to the holding of *Rothweiler v. Superior Court* (*City of Tucson*), 100 Ariz. 37, 46, 410 P.2d 479, 486 (1966), *abrogated in part by Derendal v. Griffith,* 209 Ariz. 416, 104 P.3d 147 (2005), that DUI defendants have a constitutional right to a jury trial. *See State ex rel. McDougall v. Strohson* (*Cantrell*), 190 Ariz. 120, 126, 945 P.2d 1251, 1257 (1997) (observing that the legislature "codified the *Rothweiler* rule requiring jury trials . . . in DUI cases"); *Manic,* 213 Ariz. at 254, ¶ 12, 141 P.3d at 734 (suggesting that, in enacting A.R.S. § 28-1381(F), "the legislature intended . . . to create a statutory right to a jury trial that parallels the constitutional right to a jury trial"). Because we resolve this case on other grounds, we need not decide whether jury trials in misdemeanor DUI cases are constitutionally required.

statute. Rather, A.R.S. § 13-3983 plainly requires, in all criminal cases, the consent of the prosecutor before a defendant may forgo a jury trial; this statute does not distinguish between whether the jury-trial right is based on the constitution or on a statute. In fact, the court of appeals' rationale for requiring prosecutorial consent only when the constitution requires a jury trial is contradicted by the history of § 13-3983.

¶13 The predecessor statutes to A.R.S. § 13-3983 permitted jury trial waivers only in misdemeanor cases. *See*, *e.g.*, Rev. Stat. of Ariz., Penal Code § 895 (1901); Ariz. Code § 44-1807 (1939). Many of the misdemeanor offenses in the penal codes did not trigger a constitutional right to a jury trial. *See*, *e.g.*, Ariz. Code § 43-5809 (1939) (misdemeanor to alter or deface marks on logs or lumber); *id.* § 43-5816 (misdemeanor for failure to return a book to a public library); *id.* § 43-5819 (misdemeanor to permit swine or fowl "to run at large"). Accordingly, A.R.S. § 13-3983 plainly applies to the statutory jury-trial right provided by § 28-1381(F).

¶14 In sum, nothing in A.R.S. § 28-1381(F), either explicitly or implicitly, evidences an intent of the legislature to abrogate § 13-3983 and single out misdemeanor DUI cases brought under § 28-1381 as according a defendant a unilateral

right to demand and receive a bench trial.[3] Instead, § 13-3983 requires that in all criminal cases the right to a bench trial is conditioned on the prosecution's consent. Thus, that statute requires the prosecution's agreement before the court may grant a defendant's request for a bench trial in a misdemeanor DUI case.[4]

## III

¶15    For the foregoing reasons, we vacate the opinion of the court of the appeals, reverse the decision of the municipal court, and remand for proceedings consistent with this opinion.


_____
                  Michael D. Ryan, Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice

_____

[3]    Although the legislature could have given a defendant an unconditional right in A.R.S. § 28-1381(F) to forgo a jury trial, it did not do so.

[4]    Because we decide this case on the language of the statutes at issue here, we find it unnecessary to discuss whether Rule 18.1(b) requires the prosecution's consent to a defendant's decision to forgo a jury trial for a misdemeanor DUI offense.

_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice