219 P.3d 231

Frank Jerome **ALEJANDRO**, Petitioner,

v.

The Honorable Cari **HARRISON**, Judge of the Superior Court of The State of Arizona, in and for the County of Maricopa, Respondent Judge,

State of Arizona, Real Party in Interest.

No. 1 CA–SA 09–0077.

Court of Appeals of Arizona, Division 1, Department E.

May 22, 2009.

---

James J. Haas, Maricopa Public Defender By Tracy Friddle, Deputy Public Defender, Phoenix, Attorneys for Petitioner.

Andrew P. Thomas, Maricopa County Attorney By Gerald R. Grant, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

KESSLER, Judge.

¶ 1 This special action presents the issue whether the superior court has discretion to reject a defendant's unconditional offer to plead guilty to fewer than all counts of an indictment solely because the State objects to such an offer. We hold that the court lacks discretion to refuse to accept such a plea based on the State's objections provided that the plea is voluntarily, intelligently and knowingly made and there is a factual basis for the plea. Accordingly, we accept jurisdiction and grant relief.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 On February 12, 2008, a grand jury indicted Petitioner Frank Jerome Alejandro ("Alejandro") on one count of burglary in the third degree, three counts of aggravated assault against three police officers, one count of unlawful flight from a law enforcement vehicle, and criminal trespass in the third degree. According to Alejandro, the charges arose out of an alleged attempt to burglarize a Verizon Wireless store, an attempt to escape from the police at the scene and Alejandro's attempt to hide from the police in a nearby residence.

¶ 3 On April 14, 2009, the first day set for trial, Alejandro informed the superior court he wanted to plead guilty to the burglary count, the unlawful flight count and the crim-

inal trespass count. He also offered to stipulate that he had unlawfully entered the Verizon store with the intent to commit a felony, willfully fled or attempted to elude police and unlawfully entered a residence to elude the police. Alejandro's offer was not conditioned on any agreement with the State as to the evidence to be submitted or admitted on the remaining counts, sentencing or any other terms.

¶4 The State objected to the offer, contending Alejandro did not have the right to plead guilty to anything less than all of the charges without the consent of the State because allowing such a plea would deprive the State of its right to a jury trial on the counts to which Alejandro had pled. It also informed the superior court that it would not enter into the stipulation. Alejandro informed the superior court that he understood the State did not want to enter into the stipulation, but he still wanted to plead guilty to the three charges and proceed to trial on the remaining counts.

¶5 The superior court rejected the offer without conducting a hearing to determine if the plea was being voluntarily, intelligently, and knowingly made or whether there was a factual basis for the plea. The court concluded that as a matter of law it could not accept the guilty plea over the objection of the State based on Arizona Revised Statutes ("A.R.S.") section 13–3983 (2001) and *State v. Poehnelt*, 150 Ariz. 136, 722 P.2d 304 (App.1985). The court stayed the trial and Alejandro filed this special action petition.

## JURISDICTION

¶6 We will accept special action jurisdiction of pure issues of law when a petitioner does not have an "equally plain, speedy and adequate remedy by appeal." Arizona Rule of Procedure for Special Actions 1(a); *Parent v. McClennen*, 206 Ariz. 473, 475, ¶8, 80 P.3d 280, 282 (App.2003); *Martin v. Reinstein*, 195 Ariz. 293, 300, ¶9, 987 P.2d 779, 786 (App.1999). This case presents a pure legal issue—whether a trial court can reject an unconditional offer to plead guilty to fewer than all crimes charged because the State objects to the plea. Alejandro has no equally plain, speedy and adequate remedy on appeal

because proceeding to trial on the three counts for which he wanted to plead guilty would essentially nullify his desire to plead guilty. Accordingly, we accept jurisdiction of the petition.

## MERITS

¶7 Alejandro argued below and in this Court that his right to enter an unconditional plea of guilty is controlled by Arizona rules and statutes. He contends that under Arizona Rules of Criminal Procedure ("Rules") 14.3 and 17.1, while a trial court has discretion to accept a plea if voluntarily and intelligently made, nothing in those rules or any pertinent statute or case law requires the State's consent to such an unconditional plea. Alejandro also contends that his position is supported by *State v. Powers*, 200 Ariz. 123, 23 P.3d 668 (App.), *approved on other grounds*, 200 Ariz. 363, 26 P.3d 1134 (2001). The State argued below that a trial court cannot accept a guilty plea to fewer than all the counts charged without the State's consent, citing A.R.S. § 13–3983 and *Phoenix City Prosecutor's Office v. Ybarra*, 218 Ariz. 232, 182 P.3d 1166 (2008). In this Court, the State does not cite to *Ybarra*, but instead appears to argue that the superior court had wide discretion to reject the offer and could reject the offer based solely on the State's objection to a plea of fewer than all the charges. It also contends the court acted within its discretion because the plea was "conditioned" on the State entering into a stipulation on the evidence underlying the three charges to which Alejandro wanted to plea.

¶8 Since there is no constitutional right mandating that a court accept an offer of guilt, *Lynch v. Overholser*, 369 U.S. 705, 719, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962), and no statute addressing when a court may reject a guilty plea, the offer and acceptance of guilty pleas is governed by Rules 14 and 17. In construing and interpreting rules, we review a decision of the superior court de novo. *Vega v. Sullivan*, 199 Ariz. 504, 507, ¶8, 19 P.3d 645, 648 (App.2001). We construe rules to effectuate the intent of the drafters. *Id.* If a rule is clear on its face, there is no need

for interpretation because the plain language of the rule is the best indicator of the drafters' intent. *Poulson v. Ofack*, 220 Ariz. 294, 297, ¶ 8, 205 P.3d 1141, 1144 (App.2009). In construing a rule, just as in construing a statute, we consider it and any related rules as a whole, attempting to give meaning to every word, *Ariz. Dep't of Revenue v. Super. Ct.*, 189 Ariz. 49, 53, 938 P.2d 98, 102 (App. 1997), and not making any word superfluous. *Sharpe v. AHCCCS*, 220 Ariz. 488, 491, ¶ 11, 207 P.3d 741, 747 (App.2009). When the drafters have included particular language in one portion of a statute or rule and not another, we should not read that language into the portion of the statute or rule from which the particular language has been omitted. *Jones v. Paniagua*, 1 CA–CV 08–0225– EL & 1 CA–CV 08–0499–EL, 2009 WL 787368, at *4, 241 Ariz. 441, 445–46, ¶ 16, 212 P.3d 133, 137–38 (Ariz.App. Mar.26, 2009).

 ¶ 9 We find nothing in the Arizona Rules of Criminal Procedure either requiring or permitting a superior court to refuse a voluntary and intelligent unconditional plea of guilt to a charged crime simply because the State objects to the plea.[1] Rather, the rules appear to condition approval of a guilty plea only on findings that the offer is voluntary and intelligent and that there is a factual basis for the plea. Rule 17.1(a)(1) provides that:

> In the Superior Court, a plea of guilty or no contest *may* be accepted by a court having jurisdiction to try the offense. Such plea *shall* be accepted only when made by the defendant personally in open court. . . .

Emphasis supplied. While Rule 17.1(a)(1) uses the permissive "may" as to acceptance of the plea, it also uses the mandatory "shall" as to acceptance of the plea if personally made by the defendant in open court. We assume that when the supreme court used both "may" and "shall" in the same rule, it meant "may" to be permissive or discretionary and "shall" to be mandatory. *City of Chandler v. Ariz. Dep't of Transp.*, 216 Ariz.

435, 438–39, 167 P.3d 122, 125–26 (App.2007). Thus, we read the rule to require the court to accept the plea if made personally by the defendant in open court and the other requirements of the rules are met.

¶ 10 Rule 17.1(a)(1) must also be construed in light or Rule 17.1(b), which provides that a "plea of guilty or no contest may be accepted only if voluntarily and intelligently made." "May" in this context means the court has discretion to accept a plea only if it is voluntarily and intelligently made; the rule does not similarly restrict the court's discretion to accept a plea only when the State consents. *See also* Rule 17.3 (providing that before accepting a plea offered other than through agreement with the State, the court shall ensure that the plea is voluntary and not the result of force, threats or promises and may determine at that time or later whether there is a factual basis for the plea). Thus, other than as noted in n. 1, *supra,* the only conditions imposed by Rule 17(a)(1) on acceptance of an otherwise unconditional offer to plead guilty are that the offer is voluntary and intelligent and there is a factual basis for the plea.

¶ 11 Further supporting the view that the court may not reject an unconditional plea to charges solely because the State objects is the language found in Rule 17.1(c). That rule provides that "[a] plea of no contest may be accepted only after due consideration of the views of the parties and the interest of the public in the effective administration of justice." The inclusion of this language as to pleas of no contest was intentional, designed to track the parallel federal rules and to be consistent with American Bar Association standards for accepting no contest pleas. Cmt. to Rule 17.1. Thus, when the plea is no contest, the court may reject it based on a legitimate objection by the State. If the supreme court had intended to condition acceptance of an unconditional plea of guilt on the consent or views of the State, it would have included language in Rule 17.1(a) and

---

**1.** We do not address whether a court should accept an unconditional plea of guilty to a lesser included offense of a charged count. *See Morris v. Reynolds*, 264 F.3d 38, 48–49 (2nd Cir.2001) (double jeopardy does not bar prosecution of a greater offense when defendant pled guilty to a lesser included offense while the greater offense was pending and the prosecutor objected to the plea; *citing Ohio v. Johnson*, 467 U.S. 493, 500– 02, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984)).

(b) similar to that found in Rule 17.1(c). The fact that the rules provide that the views of the State are to be considered in no contest pleas, but similar language is not included in acceptance of guilty pleas, means the supreme court did not intend to condition acceptance of a guilty plea on the views or agreement of the State. We will not import the language of Rule 17.1(c) into Rule 17.1(a)(1). *Jones*, 221 Ariz. at 445–46, ¶ 16, 212 P.3d at 137–38.

¶ 12 We find further support for our conclusion in *Powers*. In *Powers*, the defendant pled guilty to one count of leaving the scene of an accident and was convicted after a bench trial of a second count of leaving the scene of an accident arising from the same incident. 200 Ariz. at 124, ¶ 1, 23 P.3d at 669. Powers argued that there was only one accident and he could not be convicted twice for the same offense. The State cross-appealed from the trial court's ruling permitting Powers to unilaterally plead guilty to only the first count. *Id.* The court of appeals agreed with Powers that there was only one accident scene and therefore he could not be charged with the same offense twice. Accordingly, it vacated the second conviction. *Id.* at 127, ¶ 16, 23 P.3d at 672. On the cross-appeal, the court found no basis to preclude Powers from unilaterally entering a guilty plea to the first count because such a decision did not interfere with the state's determination of which charges to file or its authority to offer plea agreements. *Id.* at 129, ¶ 22, 23 P.3d at 674. It also held that the decision was not a "backdoor" means to sever the charges since there was no severance. *Id.* The court also noted that since there was only one offense and Powers had pled guilty to that offense, there was no prejudice to the State. *Id.* We do not agree with the State that the last observation by the court makes the rest of the holding on the cross-appeal mere *obiter dictum*. *Obitur dictum* is a statement of general law made by a court which is unnecessary to its decision and thus not precedential, but merely persuasive. *Phelps Dodge Corp. v. Ariz. Dep't of Water Resources*, 211 Ariz. 146, 152 n. 9, 118 P.3d 1110, 1116 n. 9 (App.2005). In contrast, judicial dictum is a statement the court expressly uses to guide parties in their future conduct. *Id.* If the court in *Powers* had not wanted to address the issue of unilateral pleas of guilt, it could merely have rejected the State's cross-appeal by saying it was moot by the court's holding that there was only one offense. Instead, the court addressed the merits of the State's arguments on unilateral pleas of guilt to help guide the parties in future cases.[2]

¶ 13 Decisions from other jurisdictions further support our conclusion. In *State v. Peplow*, 307 Mont. 172, 36 P.3d 922 (2001), the court held that a trial court could not refuse to accept an offer to plead guilty to fewer than all the charges against the defendant provided the plea was voluntary and intelligent and there was a factual basis for the plea. 36 P.3d at 931, ¶¶ 40–43. The rules and statutes in Montana are similar to Rule 17.1, especially as the Montana statutes provide that consent of the state is required to a plea of nolo contendre, but not to a plea of guilt. 36 P.3d at 930–31, ¶¶ 34–37, 42.[3]

¶ 14 This issue also was presented in *State v. Donesay*, 265 Kan. 60, 959 P.2d 862 (1998). Donesay offered to plead to fewer than all of the counts on which he was indicted, the State objected and the court refused to accept the offer. 959 P.2d at 872. Kansas statutes provide that a court "may" accept a plea of guilt provided that the plea is voluntary and intelligent and there is a factual basis for the plea. 959 P.2d at 872. The

**2.** In any event, even assuming the court's statements in *Powers* as to the unilateral right to plead to fewer than all of the charges is *obiter dictum*, we still find the court's observations persuasive.

**3.** The State argues that *Peplow* is distinguishable from the facts here. It contends that the charges to which Peplow sought to plead were not factually linked to the remaining charges and *Peplow* held evidence as to the pled charges would not be admissible in the trial of the remaining charges. In contrast, the State here argues the evidence as to the charges to which Alejandro sought to plead is factually linked to the remaining charges and thus evidence as to the pled charges would be admissible. As we discuss below, our holding does not preclude the State from seeking to introduce the evidence as to the pled charges. The admissibility of such evidence is a matter left to the trial court.

court held the trial court erred in not accepting the plea. It first rejected the same argument made here, that the State had a right to a trial by jury and that the plea would interfere with that right. The court in *Donesay* concluded that the State's right to a jury trial was relevant only to a defense request for a bench trial; such "right" did not foreclose a defendant's right to unilaterally enter a guilty plea. 959 P.2d at 872–73. Second, the court rejected the state's argument that the plea offer, if accepted, necessarily would have precluded the state at the trial on the remaining counts from introducing evidence as to the counts to which the defendant had pled guilty. 959 P.2d at 873–74. The court concluded that a trial court had discretion to accept a guilty plea to fewer than all the counts and the reasons given by the trial court were not valid. It held that "[a]bsent a valid reason, the trial court should accept guilty pleas when [the statutory requirements as to the plea being voluntary and intelligent and having a factual basis] are satisfied *and* the defendant ... admits the truth of the charge and every material fact alleged in it." 959 P.2d at 876–77. However, the court found that the error was not reversible because the defendant was not prejudiced, having acknowledged the acts and admitted the truth of the charges. 959 P.2d at 877.[4]

¶ 15 We do not find *Ybarra* and § 13–3983 relevant to resolution of this issue. *Ybarra* merely applied § 13–3983[5] and explained that both the State and a defendant have the independent right to a jury trial in criminal proceedings and a court could not grant a bench trial to a defendant if the State insisted on its right to a jury trial on the charges.

218 Ariz. at 233–34, ¶¶ 10–12, 14, 182 P.3d at 1167–168. Unlike *Ybarra*, the defendant here is not interfering with the State's right to a jury trial on charges which are to be tried; by pleading guilty to fewer than all the charges he is simply avoiding any trial at all on those charges.

¶ 16 Nor do we find any support for conditioning a guilty plea on the State's consent in *Poehnelt*, which was relied upon by the superior court. In *Poehnelt*, one of two defendants sought to waive a jury trial over the State's objection. The court of appeals found no error because Article 6, § 17 of the Arizona Constitution, 13–3983 and Rule 18.1(b) all require consent of the prosecution to waiver of a jury trial.[6] 150 Ariz. at 147, 722 P.2d at 315. Like *Ybarra*, *Poehnelt* dealt with a situation in which the defendant pled not guilty and wanted to waive a bench trial, not a situation in which the defendant pled guilty to the charges, precluding any trial at all on those charges. As such, neither the cited constitutional provision nor Rule 18.1(b) empower the State to block a defendant's knowing and voluntary offer to plead guilty, but rather only protect the State's right to have a jury trial on a charge if there is to be a trial on that charge at all.

¶ 17 We have found only one jurisdiction which has interpreted a rule similar to Rule 17.1 to prohibit a court from accepting an unconditional guilty plea when the State has objected to the plea. *State v. Vasquez–Aerreola*, 327 Ark. 617, 940 S.W.2d 451, 454–55 (1997) (interpreting Ark. R.Crim. P. 31.1, to not only prohibit judge from accepting waiver of jury trial but also guilty plea if the state did not consent).[7] However, that decision is

---

4. In reaching its conclusion, the court in *Donesay* distinguished a case relied on by the State in this matter. *State v. Linehan*, 276 Minn. 349, 150 N.W.2d 203 (1967). As it explained, Minnesota procedure had the indictment include lesser-included charges in separate counts and the defendant in *Linehan* sought to plead guilty to lesser-included counts of the indictment to preclude the state from later trying him on the greater offenses. The court in *Linehan* thus could refuse the plea to avoid double jeopardy issues. 959 P.2d at 876. That fact was not present in Donesay nor is it present here. *Supra* n. 1.

5. Section 13–3983 provides, in pertinent part, that "[a] trial by jury may be waived in criminal actions by the consent of both parties expressed in open court and entered on its minutes."

6. Article 6, § 17 provides that "[t]he right of jury trial as provided by this Constitution shall remain inviolate, but trial by jury may be waived by ... the parties with the consent of the court in any criminal cause." Rule 18.1(b) provides that the "defendant may waive the right to trial by jury with consent of the prosecution and the court."

7. Ark. R.Crim. P. 31.1 provides that "No defendant in any criminal cause may waive a trial by

distinguishable from the governing rules in Arizona because Ark. R.Crim. P. 24.3 expressly provided that before accepting a guilty plea, the court must give the prosecutor the opportunity to be heard. *Vasquez–Aerreola,* 940 S.W.2d at 455. In contrast, Rule 17.1 only gives the State the right to be heard when the defendant offers to plead no contest. Thus, unlike the rules in Arkansas, in which there was no conflict between Ark. Rules 31.1 and 24.3, adopting the State's argument here to give it the right to object to an unconditional plea of guilt under 13–3983 would directly conflict with Rule 17.1.

¶ 18 The State argues that Alejandro conditioned his plea on the State stipulating to evidence about the three charges to which Alejandro desired to plead. The record does not support that argument. After the State informed the superior court it would not enter into the proffered stipulation, Alejandro acknowledged the State's position, and unambiguously requested the court to accept his plea in the absence of and independent of any evidentiary stipulation. While the State argues that the plea offer might preclude it from introducing evidence of the facts related to the remaining counts against Alejandro, that issue is not before us. The superior court did not rule that evidence relating to these counts was inadmissible if Alejandro's pleas were accepted. We render no opinion on the admissibility of any evidence related to the charges to which Alejandro desires to plead if the plea is accepted. That issue is left to the superior court if the State offers such evidence.[8]

## CONCLUSION

¶ 19 We accept jurisdiction and grant Alejandro relief. The superior court erred in refusing to accept Alejandro's offer to plead guilty to fewer than all of the counts charged based solely on the State's objection to that offer. If the court finds that the plea was voluntary and intelligent and there is a factu-

al basis for the plea, it should not refuse to accept the plea because the State objects thereto.

CONCURRING: LAWRENCE F. WINTHROP, and SHELDON H. WEISBERG, Judges.

---

jury unless the waiver is assented to by the prosecuting attorney and approved by the court."

8. Accordingly, the State's reliance on *State ex rel. Romley v. Galati,* 195 Ariz. 9, 985 P.2d 494 (1999), is misplaced. In *Galati,* the court held that a defendant is not entitled to a bifurcated

trial if he had stipulated to prior felonies which felonies were elements of the crimes on which he was to be tried. *Id.* at 12, ¶ 16, 985 P.2d at 497. The charges to which Alejandro sought to plead were not elements of the remaining charges and there was no issue of a bifurcated trial.