NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CLAY PHILLIP FACCIO, *Appellant.*

No. 1 CA-CR 13-0849
FILED 12-30-14

Appeal from the Superior Court in Maricopa County
No. CR2012-148338-002
The Honorable Robert E. Miles, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

Clay Phillip Faccio, Douglas
*Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

---

**C A T T A N I**, Judge:

¶1 Clay Phillip Faccio appeals his convictions of possession of narcotic drugs for sale (a class 2 felony), possession or use of dangerous drugs (a class 4 felony), and possession of drug paraphernalia (a class 6 felony) and the resulting sentences. Faccio's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Faccio filed a supplemental brief raising several claims of error, which we address below. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). After reviewing the record, we affirm Faccio's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 The relevant facts, viewed in the light most favorable to upholding the jury's verdicts, are as follows. In September 2012, C.D., a police informant, agreed to purchase one gram of heroin for $80 from Faccio. Mesa Police Detective Clevenger provided C.D. with a recording device, and Detectives Clevenger and McKnight accompanied C.D. to Faccio's apartment. During the controlled buy, Detective Clevenger remained in his vehicle while Detective McKnight watched C.D. enter Faccio's apartment and remain inside for a few minutes. Once inside the apartment, C.D. handed $80 to Faccio's girlfriend, then Faccio came out from his bedroom and handed C.D. a baggie containing heroin. C.D. left the apartment and gave the baggie to Detective McKnight. Using the information provided from this controlled buy, police officers obtained a search warrant for Faccio's apartment and executed the warrant one week later.

¶3 While searching a computer tower in Faccio's bedroom, officers found (1) a black plastic bag with a crystalline, clear to white substance that looked like methamphetamine, (2) three loaded syringes containing a dark liquid substance that appeared ready to be injected, and

(3) four empty syringes. The clear to white substance tested positive for methamphetamine, and the dark liquid substance tested positive as a mixture of methamphetamine and heroin. Officers also found six cell phones and four digital scales in Faccio's bedroom. During a subsequent police interview, Faccio admitted that he kept heroin and methamphetamine hidden in the computer tower in his bedroom. He also admitted that he used the empty syringes to shoot drugs into his arms and neck, and that he had intended to use the loaded syringes.

¶4        Faccio was arrested and charged with one count of possession of narcotic drugs for sale stemming from the controlled buy, as well as one count of possession or use of dangerous drugs and two counts of possession of drug paraphernalia resulting from the subsequent search.

¶5        Because Faccio failed to appear for trial, the court proceeded in absentia. On the first day of trial, the court dismissed without prejudice the second of the two possession of drug paraphernalia counts at the State's request. The jury found Faccio guilty of the remaining counts. At sentencing, Faccio admitted four prior felony convictions. The court sentenced him as a repetitive offender to concurrent terms of imprisonment, the longest of which is 20 years, with 176 days' presentence incarceration credit.

¶6        Faccio timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033.[1]

## DISCUSSION

¶7        We have reviewed and considered counsel's brief, Faccio's supplemental brief, and the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none.

¶8        In his supplemental brief, Faccio argues his counsel was ineffective. A claim of ineffective assistance of counsel, however, may only be raised in a Rule 32 proceeding for post-conviction relief, not on direct appeal. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20, 153 P.3d 1040, 1044 (2007); *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002). We therefore do not address the merits of this argument.

---

[1]        Absent material revisions after the relevant date, we cite the current version of the statute.

¶9            Faccio next argues that several alleged procedural errors warrant reversal.  Faccio notes that he "never was indicted."  But the Arizona Rules of Criminal Procedure allow criminal proceedings to be initiated by direct complaint (as in Faccio's case) instead of by indictment.  *See* Ariz. R. Crim. P. 2.2(b).  Although a defendant has a right to a preliminary hearing when the State proceeds by direct complaint, Faccio waived that right.  *See* Ariz. R. Crim. P. 5.1(a).

¶10            Faccio also argues that the court erred by proceeding with trial in his absence.  A criminal defendant may waive the right to be present at any proceeding, including trial, by "voluntarily absenting" himself.  Ariz. R. Crim. P. 9.1.  The court may infer voluntariness if the defendant had personal notice (1) of the time of the proceeding, (2) of the right to be present at the proceeding, and (3) that the proceeding would go forward in his absence if he failed to appear.  *Id.*  Once these elements are established, the defendant has the burden to show the absence was involuntary.  *State v. Reed*, 196 Ariz. 37, 39, ¶ 3, 992 P.2d 1132, 1134 (App. 1999).

¶11            Faccio was present at the hearing setting the trial date and time and thus had personal knowledge of the time set for trial.  Additionally, Faccio was informed multiple times of his right to attend the proceedings against him and was warned on multiple occasions (both orally and in writing) that the proceedings would move forward in his absence should he fail to appear.  The record shows no explanation or excuse offered by Faccio for his absence.  In these circumstances, the superior court did not err by proceeding in absentia.

¶12            Faccio makes three additional claims of procedural error without elaboration.  First, he states that the State did not provide him full disclosure, but makes no mention of what material was allegedly not timely disclosed, how that material would have been relevant, or how the alleged non-disclosure resulted in prejudice.  Second, he mentions—without any explanation—Arizona Rule of Evidence 607, which allows any party to impeach a witness.  Third, he cites *Alejandro v. Harrison*, 223 Ariz. 21, 219 P.3d 231 (App. 2009), in which this court held that the superior court may not refuse to accept an otherwise adequate, unconditional guilty plea to less than all counts on the sole basis that the State objects.  Our review of the record has not revealed any basis for relief relating to these assertions of error.

¶13          Faccio next argues that his *Miranda*[2] rights were violated. Contrary to Faccio's position, Detective Clevenger testified that he read Faccio his *Miranda* rights before beginning to question him, and that Faccio agreed to waive those rights and proceed with the interview. The detective expressly affirmed that Faccio had not been questioned prior to hearing and waiving his *Miranda* rights. Faccio has not shown a *Miranda* violation.

¶14          Faccio also challenges the credibility of the police informant, C.D. Witness credibility is a question exclusively for the jury, and having heard C.D.'s testimony, including cross-examination by Faccio's counsel, the jury was well situated to gauge C.D.'s credibility and determine the weight to afford his testimony. *See State v. Cox*, 217 Ariz. 353, 357, ¶ 27, 174 P.3d 265, 269 (2007).

¶15          Faccio next claims he was denied due process because he was not permitted to independently weigh the confiscated drugs to dispute the quantity of drugs involved. Beyond a generalized request that the State "make available" any and all evidence disclosed, the record reflects that Faccio did not otherwise pursue independent testing of the drugs. Moreover, other evidence, including Faccio's statements to investigators, further corroborated the weight measurements.

¶16          Faccio also argues the State improperly failed to present fingerprint or DNA evidence. But the other evidence outlined above—including C.D.'s testimony (and the recording of the controlled buy), the location of the drugs and paraphernalia found in Faccio's apartment, and Faccio's admissions to police—provide sufficient support for the convictions, and a lack of fingerprint or DNA evidence does not establish a basis for relief.

¶17          Finally, Faccio challenges the propriety of the sentences imposed. He claims he should not have been subject to an enhanced sentence as a repetitive offender because he was not given a trial on priors. At the sentencing hearing, however, Faccio admitted to four prior felony convictions after an appropriate colloquy delineating his constitutional rights and the consequences of admitting to the priors. *See* Ariz. R. Crim. P. 17.6. In light of Faccio's admissions, no further evidence was necessary to establish these four prior (including two historical prior) felony convictions, and Faccio was properly sentenced as a category three repetitive offender. *See* A.R.S. § 13-703(C).

---

2          *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶18        Faccio further contends that the sentences imposed were cruel and unusual, particularly in light of the disparity between his sentences (three concurrent terms, the longest of which is 20 years) and those imposed on his girlfriend (1.5 years' imprisonment followed by 3 years' probation). Faccio's sentences fall within the range prescribed by law given the circumstances of his case, including the severity of the offenses (class 2, 4, and 6 felonies), aggravating and mitigating factors, and Faccio's criminal history of at least four prior felony offenses. Faccio's girlfriend, although initially charged as a co-defendant on all counts, later entered a plea of guilty to two amended, lesser counts pursuant to a plea agreement with the State. Additionally, Faccio's girlfriend (unlike Faccio) was not sentenced as a repetitive offender. Because Faccio and his girlfriend were not similarly situated, the disparity in their sentences does not support Faccio's contention that the sentences he received were cruel and unusual.

¶19        Faccio was represented by counsel at all stages of the proceedings. The record reflects that the superior court afforded Faccio his rights under the federal and state constitutions, and that the proceedings were conducted in accordance with Arizona statutes and the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Faccio's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

¶20        After the filing of this decision, defense counsel's obligations pertaining to Faccio's representation in this appeal will end after informing Faccio of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Faccio shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶21        For the foregoing reasons, we affirm Faccio's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED : jt