IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

ANN D. CLARK, *Petitioner/Appellee,*

*v.*

RICHARD A. CLARK, *Respondent/Appellant.*

No. 1 CA-CV 15-0068 FC
FILED 03-22-2016

Appeal from the Superior Court in Maricopa County
No.  FC2012-093630
The Honorable Bethany G. Hicks, Judge (Retired)

**AFFIRMED**

COUNSEL

By Scott L. Patterson, Tempe
*Counsel for Petitioner-Appellee*

Johnson Hendrickson & Lallis, PLLC, Mesa
By David Johnson
*Counsel for Respondent-Appellant*

**OPINION**

Judge John C. Gemmill delivered the opinion of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

**G E M M I L L**, Judge:

¶1        Richard Clark ("Father") appeals the family court's order modifying child support and awarding attorney fees to Ann Clark ("Mother"). Because only our resolution of the attorney fees issue merits publication, we have addressed Father's other issues in a separate memorandum decision issued contemporaneously with this opinion. *See* ARCAP 28(c); Ariz. R. Sup. Ct. 111(h). For the reasons set forth in the accompanying memorandum decision and in this opinion, we affirm.

## BACKGROUND

¶2        In 2012, Mother filed a petition for dissolution of her marriage to Father. A default decree was entered against Father in December 2012, along with a child support order and parenting plan concerning the couple's two children. Primary physical custody of the children was awarded to Mother, and Father was ordered to pay $1,013.48 in monthly child support, starting January 1, 2013.

¶3        After the divorce, Father relocated to New York to seek employment and found a job in September 2013. In March 2014, Father filed a petition to modify his child support obligation, alleging he was earning $3,464 per month and his relocation and new employment constituted a substantial and continuing change in circumstances. After a hearing, the family court decreased Father's monthly child support obligation to $619.04, effective September 1, 2014. The family court ordered that Father be allowed to claim one of the children as a dependent on his income taxes two out of every three tax years, conditioned upon payment in full of all current support obligations and arrearage payments. The court also found that Father had failed to make required child support payments and entered judgment for more than $20,000 in arrearages due Mother. Finally, the court awarded Mother her attorney fees and costs, finding that Father had taken unreasonable positions throughout the litigation.

¶4        Father timely appeals, and we have jurisdiction under Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(5).

## ATTORNEY FEES ANALYSIS

¶5        In its order modifying child support, the family court granted Mother's request for attorney fees under A.R.S. § 25-324(A), finding that no meaningful financial disparity existed between the parties and that Father acted unreasonably during the litigation. In Father's motion for new trial,

he argued the fee award to Mother violated A.R.S. § 25-503(E), which provides:

> Any order for child support may be modified or terminated on a showing of changed circumstance that is substantial and continuing . . . . The order of modification or termination may include an award of attorney fees and court costs to the *prevailing party.*

(Emphasis added.)

¶6          Father contends the family court did not have discretion to award Mother her attorney fees under A.R.S. § 25-503(E) because Father was the prevailing party in the litigation. Father also argues the court erred under A.R.S. § 25-324(A) when it found that he acted unreasonably in the litigation. We review de novo issues of statutory interpretation, *City of Phoenix v. Harnish*, 214 Ariz. 158, 161, ¶ 6 (App. 2006), and apply an abuse of discretion standard to the family court's factual analysis underlying an attorney fees award, *see Breitbart-Napp v. Napp*, 216 Ariz. 74, 83, ¶ 35 (App. 2007).

¶7          Father contends he was the "prevailing party" in the modification proceedings because the family court substantially reduced his monthly child support obligation. We note, however, that Mother cross-petitioned and received a judgment against Father for child support arrearages. The family court did not make a specific finding of which party prevailed and such a determination is not necessary to resolve the issue here. Even assuming Father was the "prevailing party" on his petition to reduce child support, we nonetheless reject his position that A.R.S. § 25-503(E) prevents the family court from awarding fees to the non-prevailing party.

¶8          The use of the word "may" in A.R.S. § 25-503(E) provides the family court broad discretion to decide whether to award attorney fees to the prevailing party on a request to modify child support. *See Alejandro v. Harrison*, 223 Ariz. 21, 24, ¶ 10 (App. 2009) (recognizing that a statute's use of "may" when describing the court's authority generally connotes discretion). And, contrary to Father's argument, the statute does not prohibit the court from awarding fees to the non-prevailing party if another statute authorizes such an award.

¶9 Section 25-503(E) is not the only statute that may authorize an award of attorney fees in proceedings such as these. As explained in the Child Support Guidelines issued by the Arizona Supreme Court, post-decree petitions for modification of child support orders may arise under both Chapter 3 and Chapter 5 of A.R.S. Title 25, governing Marital and Family Relations:

> Pursuant to Arizona Revised Statutes Sections 25-327 [Chapter 3] *and* 25-503 [Chapter 5], either parent or the state Title IV-D agency may ask the court to modify a child support order upon a showing of a substantial and continuing change of circumstances.

A.R.S. § 25-320 app. § 24(A) ("Guidelines") (emphasis added). Accordingly, the family court may award fees to either party in such cases not only under Chapter 5, *see* A.R.S. § 25-503(E), but also under Chapter 3, *see* A.R.S. § 25-324(A). Chapter 3 provides for an award of fees as follows:

> The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending *any proceeding under this chapter [3]* or chapter 4, article 1 of this title.

A.R.S. § 25-324(A) (emphasis added). "We must consider all pertinent statutory provisions in reaching a decision" and "related statutes must be interpreted consistently and harmoniously with one another." *In re Stephanie N.*, 210 Ariz. 317, 320, ¶ 17 (App. 2005); *see also State v. Cid*, 181 Ariz. 496, 499–500 (App. 1995) (statutes in pari materia are read together and harmonized to avoid rendering any word, clause or sentence superfluous or void).

¶10 Sections 25-324(A) and 25-503(E), read together, do not conflict, and we need not evaluate whether one supersedes the other. *Cf. State v. Jones*, 235 Ariz. 501, 503, ¶ 8 (2014) (explaining that conflicting statutes cannot be harmonized). Understood together, §§ 25-324(A) and 25-503(E) offer the family court distinct — but not mutually exclusive — options for awarding attorney fees to the parties. When both statutes apply, the family court may award attorney fees based on any one or more of the listed statutory factors, including (1) financial disparity between the parties,

A.R.S. § 25-324(A); (2) unreasonable conduct or unreasonable positions by a party, *id.*; or (3) which party prevailed in the litigation, A.R.S. § 25-503(E).

**¶11** Here, the family court concluded that there was no substantial disparity in the parents' incomes, but made specific findings that Father acted unreasonably during the proceedings by knowingly failing to pay child support as ordered in lieu of filing a petition for modification, and by expecting that Mother would independently support and care for the two children. The court also found that "[a]ll of the litigation" relevant to the petition was "caused by Father either not taking responsibility in the initial default dissolution or not abiding by the order."

**¶12** No legal error occurred when the family court awarded attorney fees to Mother under § 25-324(A), even if we assume she was not the prevailing party. And because the evidence presented during the hearing supports the family court's award of fees to Mother, no abuse of discretion occurred.

## CONCLUSION

**¶13** We conclude there is no reversible error in the family court's order. For these reasons and for those set forth in the accompanying memorandum decision, we affirm.

**¶14** Both Father and Mother request awards of attorney fees on appeal. Father's request is based on A.R.S. §§ 25-324 and 25-503(E), and Mother's request is based on § 25-324. We have considered the relevant criteria under both statutes, and in our discretion we decline to award fees to either party. As the prevailing party on appeal, Mother is entitled to an award of taxable costs contingent upon her compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: RT