NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

*In re the Matter of:*

RODRIGO MUNOZ, *Petitioner/Appellee,*

*v.*

NARDA ZEPEDA, *Respondent/Appellant.*

No. 1 CA-CV 19-0500 FC
FILED 8-4-2020

Appeal from the Superior Court in Maricopa County
No.  FC2015-051627
The Honorable Brian S. Rees, Judge *Pro Tempore*, *Retired*

**AFFIRMED**

COUNSEL

Morse Law Group, Phoenix
By Judith A. Morse
*Counsel for Petitioner/Appellee*

McCulloch Law Offices, Tempe
By Diane McCulloch
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Jennifer B. Campbell joined.

_____

**C A T T A N I**, Judge:

**¶1**    Narda Zepeda ("Mother") appeals the superior court's denial of an attorney's fees award for her post-dissolution child support proceedings. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**    Mother and Rodrigo Munoz ("Father") were married for a little over a year and a half before Father petitioned for dissolution in March 2015. They have one minor child together. In January 2018, the parties finalized the dissolution through a consent decree. The parties agreed that the child would reside primarily with Father and that Mother would pay Father $248 per month in child support, consistent with the Arizona Child Support Guidelines. They also agreed that Father would provide health insurance for the child.

**¶3**    In August 2018, Father petitioned for an increase in child support from $248 to $716 per month. The petition indicated that Father's income had decreased since the dissolution decree, that he began incurring monthly childcare expenses, and that he had been providing insurance for the child. In response, Mother cross-petitioned for a decrease in child support from $248 to $82 per month. Mother's cross-petition alleged that both her and Father's income increased since the dissolution decree and asserted that even if Father's income had decreased, the decrease was voluntary. Mother further asserted that Father failed to provide any proof of his purported childcare and insurance expenses and that she had been paying for the child's health insurance.

**¶4**    The superior court held three days of hearings, at which both parties testified. The court thereafter determined that Father's income had not, in fact, decreased, that he had not consistently been paying for the child's health insurance, and that Mother had been providing health insurance for the child. Accordingly, the court modified Mother's monthly

child support payment to $392 per month, and ordered Father to provide health insurance.

**¶5**       Mother filed a motion for attorney's fees, and Father failed to respond timely.  Having received no objection, the court granted Mother's request for fees.  The same day the court awarded Mother fees, Father filed a motion objecting to Mother's request and requesting fees himself.

**¶6**       One week later, Father moved for relief from the order awarding Mother fees, stating that his failure to file a timely response resulted from an administrative error in his attorney's office.  The court agreed to set aside Mother's fee award, and after considering both parties' requests for fees, declined to award fees to either party.  The court opined that "both parties were being less than candid and were fighting rather than seeking to resolve their dispute" and that "the case had been significantly over tried."  The court further noted that the amount each party incurred in legal fees far exceeded the amount by which they stood to benefit by prevailing in the litigation.

**¶7**       Mother timely appealed the order denying fees, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

### I.    Motion for Relief.

**¶8**       As a threshold matter, Mother argues the superior court erred by granting Father's motion for relief from its order awarding her attorney's fees.  We disagree.

**¶9**       Rule 85(b)(1) of the Arizona Rules of Family Law Procedure grants the superior court discretion to relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect."   "Neglect is excusable when it is such as might be the act of a reasonably prudent person in the same circumstances."  *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993).  We review the superior court's grant of a motion for relief for an abuse of discretion. *Clark v. Kreamer*, 243 Ariz. 272, 275, ¶ 10 (App. 2017).

**¶10**       Here, the superior court initially awarded Mother attorney's fees after Father failed to file a timely response.  Father's request for relief included his counsel's sworn statement that counsel timely prepared the response and later discovered it was mixed up with another client's paperwork.  This type of administrative error falls squarely within Rule 85(b)(1). *See City of Phoenix v. Geyler*, 144 Ariz. 323, 332 (1985) (finding

3

excusable neglect where "the mistake . . . which led to the late filing of the motion . . . was the type of clerical error which might be made by a reasonably prudent person who attempted to handle the matter in a prompt and diligent fashion"). The superior court determined that "[F]ather's attorney's office staff mistake should not be the deciding factor here," and this decision was a sound exercise of the court's discretion.[1]

## II.     Fees Under A.R.S. § 25-324.

¶11        Mother argues the superior court erred by denying her request for fees under A.R.S. § 25-324(A) and (B). We review the denial of fees under § 25-324 for an abuse of discretion. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 29 (App. 2019).

### A.     Fees Under A.R.S. § 25-324(A).

¶12        Under A.R.S. § 25-324(A), the superior court may order a party to pay a reasonable amount of attorney's fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings."

#### 1.     Disparity in Financial Resources.

¶13        Mother challenges the superior court's conclusion that "[F]ather's income is only marginally greater than [M]other's," so "disparity is not a factor here." She argues the court erred by only considering the parties' incomes, rather than their cumulative financial resources.

¶14        Under § 25-324(A), a party moving for attorney's fees must show "that a relative financial disparity in income and/or assets exists between the parties." *See Lehn*, 246 Ariz. at 286, ¶ 30 (citation omitted). As Mother's reply brief points out, however, the superior court had "no evidence of Mother's financial resources except . . . her income."

¶15        Mother argues that the superior court should have awarded her attorney's fees based on evidence that Father's financial resources were greater than hers. At the hearing, Mother presented evidence of Father's

---

[1]        Mother also notes that the court acknowledged her request for the attorney's fees she incurred responding to Father's untimely response but did not address this request specifically. However, by acknowledging the request for these particular fees and then denying fees to either party, the court implicitly denied this request.

financial resources, including testimony about Father's cash savings, proceeds from the sale of his business, and proceeds from the sale of his house. But Mother does not meet her burden to show eligibility for an award of fees by listing Father's resources and merely stating that Father did not present evidence of hers. And none of the cases Mother cites support the notion that the non-moving party has an affirmative duty to introduce evidence to disprove the moving party's assertion of financial disparity.

¶16            "[E]ligibility for consideration for an award has consistently rested solely on a *comparison* of the parties' resources." *Magee v. Magee*, 206 Ariz. 589, 591, ¶ 12 (App. 2004) (emphasis added). Here, Mother is not arguing that the court should have compared both parties' financial resources, but rather that the court should have compared Mother's income and the totality of Father's financial resources. Section 25-324(A) does not require the court to do so. The only comparative financial information the court had before it was the parties' incomes. And the court concluded that "[F]ather's income is only marginally greater than [M]other's." The court did not abuse its discretion by doing so.

2.            Reasonableness of Positions Taken.

¶17            Mother next argues the superior court abused its discretion by failing to award her fees due to Father's unreasonable conduct.

¶18            Even assuming that the evidence Mother cites shows that Father acted unreasonably, § 25-324(A) provides that the court *may* award fees after considering the reasonableness of both parties' positions, not that it *must*. Here, the superior court found that both parties had acted unreasonably, and in an exercise of its discretion, chose not to award either party fees. Mother does not cite to any authority showing that the court erred by doing so, and we are aware of none.

¶19            For the first time in her reply brief, Mother relies on *In re Marriage of Williams*, 219 Ariz. 546 (App. 2008), to argue that the court applied the incorrect standard when considering her request. Although we normally "will not consider arguments made for the first time in a reply brief," *Austin v. Austin*, 237 Ariz. 201, 204, ¶ 2 n.1 (App. 2015) (citation omitted), we exercise our discretion to resolve the issue on its merits.

¶20            In *Williams*, the superior court looked to a unrepresented party's subjective intent to determine whether her positions throughout the proceedings were reasonable. *See* 219 Ariz. at 548, ¶ 5. The superior court opted not to award the opposing party fees after it concluded that the

unrepresented party "took her positions in good faith and they were reasonable for someone untrained in the law." *Id.* On appeal, this court reversed, concluding that "the legislature intended courts to assess the reasonableness of a litigant's position pursuant to § 25-324(A) by an objective standard." *Id.* at 549, ¶ 12.

**¶21** Relying on this language, Mother argues the superior court abused its discretion by considering her strategy of engaging in extensive discovery to disprove the allegations in Father's petition. The superior court noted:

> One place where the case went off the rails was in discovery and disclosure. Mother sought to fight these issues for all the wrong reasons. It was obvious from the start that [F]ather's case relied upon his testimony only and that he was not going to substantiate his claim. Accepting how difficult it is to go to trial worrying that the court may believe [F]ather and award his claim there is no choice but to try to find the smoking gun disproving it. At the same time, the issue is that the claim is unsupported or that [F]ather's testimony alone is insufficient to move the needle. To repeatedly fight over the lack of disclosure misses the point.

**¶22** Mother argues that it was the superior court's duty to "assess the reasonableness of the parties (legal) positions by an objective standard and not by imposing how the court believed Mother conducted her case and the discovery process." We disagree with Mother's characterization.

**¶23** Unlike the superior court in *Williams*, the court's reasonableness analysis here did not consider whether Mother acted in good faith, but rather whether her aggressive discovery strategy was objectively reasonable under the circumstances. And Mother's argument that the court was limited to considering only her underlying legal position is contrary to § 25-324's text, which does not limit the court to only considering legal arguments and instead allows the court to consider the "positions each party has taken throughout the proceedings." Mother has not established an abuse of discretion.

      B.    Fees Under A.R.S. § 25-324(B).

**¶24** Next, Mother argues that she was entitled to attorney's fees under A.R.S. § 25-324(B), which provides that the court "shall award . . . attorney fees to the other party" if it determines that a "petition was not grounded in fact or based on law." Mother asserts that because the court

recognized that "the case started with [F]ather making significant unsupported claims," it was required to award her fees.

**¶25**        But we do not read the court's statement to mean that it determined Father's entire petition was not based in fact. Instead, as the court noted, Father's case relied primarily upon his testimony. Accordingly, although Father's claims may have been "overstated," he did change jobs (and, consequently, income) and incur new childcare expenses after the original consent decree. Moreover, the court was "not persuaded that [F]ather's filing of this claim was done for any improper purpose."

**¶26**        In sum, the superior court had the discretion to determine whether Father's claims were wholly groundless, and the court did not abuse its discretion by determining the claims had some basis.

### III.    Fees Under A.R.S. § 25-503.

**¶27**        Finally, Mother argues she was entitled to attorney's fees under A.R.S. § 25-503(E), which provides that an order modifying child support "may include an award of attorney fees and court costs to the prevailing party." She asserts that the superior court should have awarded her fees because she was the prevailing party in the superior court, and the court erred by failing to specifically address § 25-503(E) in its ruling. We review a denial of fees under § 25-503(E) for an abuse of discretion. *See Clark v. Clark*, 239 Ariz. 281, 282, ¶¶ 6, 8 (App. 2016).

**¶28**        Section 25-503(E) does not entitle a prevailing party to an award of attorney's fees but instead permits the court to exercise discretion to award fees to the prevailing party. Even assuming Mother was the prevailing party in the superior court, the court's ruling made clear that based on the course of proceedings before it, it would not exercise its discretion to award fees to either party.

**¶29**        Further, although the court did not cite to § 25-503(E) specifically in its ruling, Mother included a citation to § 25-503(E) in her motion for attorney's fees, and the court's order stated that "it considered all of the claims and decide[d] to deny [fees] to either side." The superior court sufficiently addressed why it chose not to award attorney's fees to either side. Mother cites no authority to support her argument that it was *per se* reversible error for the court not to specifically reference each statute Mother cited, and we see no reason to impose this requirement.

## CONCLUSION

**¶30**         For the foregoing reasons, we affirm the superior court's order.  On appeal, both parties request attorney's fees under A.R.S. § 25-324.  Additionally, Mother requests fees under A.R.S. § 25-503, and Father requests fees resulting from Mother's failure to comply with ARCAP 13(a)(5).  *See Jhagroo v. City of Phoenix*, 143 Ariz. 595, 598 (App. 1984).  In the exercise of our discretion, we decline to award attorney's fees to either party, but award Father his costs upon compliance with ARCAP 21.[2]



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[2]         Judge McMurdie would award Father his reasonable attorney's fees.