NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

GREGORY GURULE, *Petitioner/Appellee*,

*v.*

SHANEE CARLEANE MAYS, *Respondent/Appellant*.

No. 1 CA-CV 25-0189 FC

FILED 01-21-2026

Appeal from the Superior Court in Maricopa County
No. FC2023-094558
The Honorable Quintin H. Cushner, Judge

**AFFIRMED**

COUNSEL

Law Offices of Holly A. Bartee, Chandler
By Holly A. Bartee
*Counsel for Petitioner/Appellee*

Shanee Carleane Mays
*Pro Per Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Anni Hill Foster joined.

**F A B I A N**, Judge:

¶1        Shanee Mays ("Mother") appeals from the superior court's decree dissolving her marriage to Gregory Gurule ("Father") with respect to its provisions regarding custody, parenting, and financial matters. Mother argues the court erred in: (1) awarding joint legal decision-making and parenting time despite evidence of domestic violence, (2) calculating Father's income for the purposes of child support and spousal maintenance, (3) limiting the duration of spousal maintenance to 36 months, and (4) awarding Father attorney's fees and costs. For the following reasons, this Court affirms.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In October 2008, Mother and Father married in Arizona. The parties have two minor children. In October 2023, Father filed a petition for dissolution of marriage. The court held an evidentiary hearing in September 2024 and thereafter issued a decree of dissolution.

¶3        The decree awarded joint legal decision-making to Mother and Father, created a shared parenting time plan, ordered Father to pay Mother $187 in monthly child support and $1,750 in monthly spousal support for a period of 36 months, and divided the parties' property. The court also found that "Mother's conduct, including regarding disclosure and discovery, was so unreasonable that an award of some portion of Father's reasonable attorney fees is warranted." In January 2025, the court issued final judgment, which included an award of $3,000 in attorney's fees to Father. Mother timely appealed.

## DISCUSSION

¶4        This Court views the facts in the light most favorable to upholding the decree, *In re Marriage of Foster*, 240 Ariz. 99, 100 ¶ 2 (App. 2016), and "defer[s] to the trial court's determination of witnesses' credibility and the weight to give conflicting evidence." *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347 ¶ 13 (App. 1998).

## I.     Legal Decision-Making and Parenting Time.

¶5     Absent an abuse of discretion, this Court will "affirm the family court's order of parenting time and legal decision-making." *Engstrom v. McCarthy*, 243 Ariz. 469, 471 ¶ 4 (App. 2018). A court abuses its discretion "when the record is devoid of competent evidence to support its decision [or] when the court commits an error of law in the process of reaching a discretionary conclusion." *Id.* (citation and quotation omitted).

### A.     Mother Has Not Shown the Parenting Time Schedule Is Impractical.

¶6     Mother argues the parenting time schedule is not practical because Father's work schedule changes every year. A.R.S. § 25-403.02(C)(3) provides that parenting plans should include a "practical schedule of parenting time for the child, including holidays and school vacations." Here, considering Father's alternating shift-work schedule, the court implemented a comprehensive parenting plan, including a rotating schedule, specific times, an exchange location, and details regarding holidays and vacations. The court further ordered that "the parties shall cooperate in the best interests of the children should Father's work schedule change." Mother has not shown how the parenting time order fails to consider Father's potential changes in work schedule in an impractical manner and has not shown an abuse of discretion. *See Engstrom*, 243 Ariz. at 471 ¶ 4.

### B.     The Court Did Not Abuse Its Discretion in Its Domestic Violence Findings.

¶7     Mother argues the court erred in not finding that significant domestic violence precluded the court's award of joint legal decision making. Under A.R.S. § 25-403.03(A), "joint legal decision-making shall not be awarded if the court makes a finding of the existence of significant domestic violence pursuant to § 13-3601" or "if the court finds by a preponderance of the evidence that there has been a significant history of domestic violence." Although "significant" is not defined by the statute, reasonable factors to consider include: "(1) [t]he seriousness of the particular incident of domestic violence, (2) the frequency or pervasiveness of the domestic violence, (3) and the passage of time and its impact." *DeLuna v. Petitto*, 247 Ariz. 420, 424 ¶ 15 n.6 (App. 2019) (alteration in original).

¶8     Here, the court considered these factors and made the following specific findings pertaining to domestic violence:

Mother has alleged domestic violence against Father. Mother alleges that Father grabbed her and squeezed her, in the presence of a child. Mother also alleges that Father grabbed Mother's hair on one occasion and threw Mother into a wall on another occasion. Father denies domestic violence. The Court finds, based upon the credible evidence and testimony presented, and all the facts and circumstances of this case, that Father has committed domestic violence against Mother under the applicable statutory authority. The Court further finds, based upon the credible evidence and testimony presented, and all the facts and circumstances of this case, that the burden has not been met to find that Father has committed significant domestic violence or engaged in a significant history of domestic violence under the applicable statutory authority.

¶9      The court's determination that there was no significant domestic violence or a significant history of domestic violence was based on reasonable and appropriate factors. Thus, Mother has not shown the court abused its discretion. *See Engstrom*, 243 Ariz. at 471 ¶ 4.

### C.      The Court Did Not Abuse Its Discretion in Finding Father Rebutted the Presumption Against Joint Legal Decision-Making.

¶10     Mother next argues the superior court did not make the appropriate findings necessary to determine Father rebutted the presumption against joint legal decision-making after finding Father committed an act of domestic violence.

¶11     A.R.S. § 25-403.03(D) provides:

> If the court determines that a parent who is seeking sole or joint legal decision-making has committed an act of domestic violence against the other parent, there is a rebuttable presumption that an award of sole or joint legal decision-making to the parent who committed

4

> the act of domestic violence is contrary to the
> child's best interests.

Subsection E lists the factors a court must consider in determining whether a parent has rebutted that presumption. A.R.S. § 25-403.03(E)(1), (6). Those include whether "the parent has demonstrated that being awarded sole or joint legal decision-making or substantially equal parenting time is in the child's best interests," and "the parent has committed any further acts of domestic violence." *Id.*

¶12 Here, contrary to Mother's assertion, the court made findings on all of the required factors, including that: (1) "based upon the credible evidence and testimony presented, and all the facts and circumstances of this case, that it is in the best interests of the children that Mother and Father exercise joint legal decision-making and that the parties exercise equal parenting time" and (2) there was not "substantial credible evidence and testimony that further domestic violence has occurred." The court therefore found Father had "rebutted the presumption under A.R.S. § 25-403.03(D)." Mother has not shown the court abused its discretion in its finding. *See Engstrom*, 243 Ariz. at 471 ¶ 4.

### D. The Court Was Not Required to Make an Explicit Finding Under A.R.S. § 25-403.03(F).

¶13 Mother contends that as to parenting time, the court erred by not "explicitly stat[ing] how Father has affirmatively shown that parenting time will not endanger the children or significantly impair the children's emotional development."

¶14 A.R.S. § 25-403.03(F) provides:

> If the court finds that a parent has committed an act of domestic violence, that parent has the burden of proving to the court's satisfaction that parenting time will not endanger the child or significantly impair the child's emotional development. If the parent meets this burden to the court's satisfaction, the court shall place conditions on parenting time that best protect the child and the other parent from further harm.

¶15 In making those findings, a superior court must "determine whether [the offending parent] had affirmatively shown that 'parenting

time will not endanger the child or significantly impair the child's emotional development.'" *DeLuna*, 247 Ariz. at 425 ¶ 18 (quoting A.R.S. § 25-403.03(F)). "The court must then make specific findings explaining its reasoning and conclusions." *Engstrom*, 243 Ariz. at 474 ¶ 18. The requirement of specific findings is derived from A.R.S. § 25-403(B). *See DeLuna*, 247 Ariz. at 425 ¶ 19 ("Such findings are required by [A.R.S. § 25-403(B)] to be stated on the record and cannot be presumed or implied."). A.R.S. § 25-403(B) provides: "[i]n a *contested* legal decision-making or parenting time case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." (Emphasis added).

¶16        Here, before the superior court, Mother did not contest an award of parenting time to Father. She merely disputed the details of the parenting time schedule, including specific dates and times. Because Mother did not contest the court's award of parenting time to Father, specific findings were not required. *See Christopher K. v. Markaa S.*, 233 Ariz. 297, 301 ¶ 18 (App. 2013); A.R.S. § 25-403(B). Instead, the "general rule" applies that this Court "may infer that the trial court has made the additional findings necessary to sustain its judgment . . . as long as the additional findings are reasonably supported by the evidence and are not in conflict with any of the trial court's express findings." *Elliott v. Elliott*, 165 Ariz. 128, 135 (App. 1990).

¶17        The court made several findings that support a determination that parenting time will not endanger the parties' children or impair significantly the children's development. The court found "it is in the best interests of the children" that "the parties exercise equal parenting time." The court also placed protective conditions on parenting time regarding communication between the parties to protect the children and Mother. This is an express finding consistent with the court's satisfaction that "parenting time will not endanger the child or significantly impair the child's emotional development" in light of those conditions. A.R.S. § 25-403.03(F).

## II.    Child Support and Spousal Maintenance.

¶18        Mother claims the superior court erred by not attributing the appropriate income to Father for the purposes of child support or maintenance. This Court reviews child support and spousal maintenance awards for an abuse of discretion and accepts the superior court's findings of fact unless clearly erroneous. *McNutt v. McNutt*, 203 Ariz. 28, 30 ¶ 6 (App. 2002); *Leathers v. Leathers*, 216 Ariz. 374, 376 ¶ 9 (App. 2007). "A finding of

fact is not clearly erroneous if substantial evidence supports it, even if substantial conflicting evidence exists." *Kocher v. Dep't of Revenue of Ariz.*, 206 Ariz. 480, 482 ¶ 9 (App. 2003). "Substantial evidence is evidence which would permit a reasonable person to reach the trial court's result." *In re Est. of Pouser*, 193 Ariz. 574, 579 ¶ 13 (1999).

**¶19** Mother argues the superior court erred in attributing Father $8,554 in monthly income for the purposes of child support and spousal maintenance. She claims the attribution should be higher because the calculation did not account for Father's second job and evidence in other exhibits would lead to a different calculation of monthly income. The court received Father's Affidavit of Financial Information, which listed Father's gross monthly income at $8,554. Father testified this figure was accurate and that income from a second job was minor and not calculable. He also testified now that he has joint custody, he will have little opportunity to work a second job in the future. Because substantial evidence supports the court's determination, Mother has not demonstrated the court's attribution of income was clearly erroneous and the court did not abuse its discretion.

**¶20** Mother also argues the superior court erred in not awarding her 60 months of spousal maintenance, the maximum length of maintenance to which she was entitled. The court awarded Mother 36 months of maintenance. Based on the length of the parties' marriage, just over 180 months, the Arizona Spousal Maintenance Guidelines recommend a standard award duration between 12 to 60 months. A.R.S. § 25-319 app. § IV.B.2.a.iv. Here, the length of the award was within the range specified in the guidelines. Mother makes no argument as to why awarding 36 months of maintenance was inappropriate and has not demonstrated the court abused its discretion in making its award. *See Leathers*, 216 Ariz. at 376 ¶ 9.

## III. Attorney's Fees.

**¶21** This Court reviews an award of attorney's fees for an abuse of discretion, *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983), and the interpretation of procedural rules and statutes *de novo*. *See Duckstein v. Wolf*, 230 Ariz. 227, 231 ¶ 8 (App. 2012); *Clark v. Clark*, 239 Ariz. 281, 282 ¶ 6 (App. 2016).

**¶22** Before the evidentiary hearing, Mother filed a document titled "interim help," requesting an award of $3,500 to retain an attorney. The court took no action on this request but stated it would consider "an appropriately filed Motion for Temporary Orders in due course." The record does not show Mother filed an appropriate motion thereafter.

**¶23** On appeal, Mother argues the superior court erred in taking no action on her request pursuant to Arizona Rule of Family Law Procedure 47. This Court is unaware of any basis for obtaining attorney's fees before they are actually incurred. However, even if such relief were available, Rule 47 requires a motion to include an Affidavit of Financial Information. Ariz. R. Fam. Law P. 47(a)(4). Mother failed to include an affidavit with her request. Therefore, the court did not err in taking no action on her request.

**¶24** Mother also argues the superior court should have awarded attorney's fees to her and not Father because of their relative financial disparity. Here, the court found a "substantial disparity of financial resources between the parties." However, the court also found Mother "acted unreasonably" because she "did not participate in aspects of this litigation, including discovery and disclosure." The court concluded:

> [W]hile Father earns more income such that financial resources are disparate, the Court does not find that financial resources are so substantially disparate as to warrant an award of attorney fees. The Court does find that Mother's conduct, including regarding disclosure and discovery, was so unreasonable that an award of some portion of Father's reasonable attorney fees is warranted.

**¶25** A court, in granting attorney's fees under A.R.S. § 25-324(A), must consider both "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." If a court finds a disparity of financial resources, it may nonetheless weigh the unreasonableness of a party's positions against the disparate financial resources of the parties and award attorney's fees based on unreasonableness and decline to award fees based on disparate resources. *See Mangan v. Mangan*, 227 Ariz. 346, 351-53 ¶¶ 25-28 (App. 2011). Here, the court considered both factors and found that the unreasonableness of Mother's conduct outweighed the disparity in financial resources of both parties. Mother has not shown the court abused its discretion in awarding Father attorney's fees.

**¶26** As the prevailing party, Father is entitled to his costs on appeal upon compliance with Rule 21 of the Arizona Rules of Civil Appellate Procedure. *See* A.R.S. § 12-341. This Court, in its discretion, denies Father's request for his attorney's fees on appeal. *See Motley v. Simmons*, 256 Ariz. 317, 323 ¶ 20 (App. 2023).

## CONCLUSION

¶27      For the foregoing reasons, this Court affirms the decree of dissolution.

